# Exhibit C

SUPERIOR COURT, STATE OF CALIFORNIA
COUNTY OF SANTA CLARA
Civil Court Department 20
191 North First Street, San Jose, CA 95113
(408) 882-2320



(ENDORSED)
FILED
SEP 16 2011
DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court, County of Santa Clara
BY_____ DEPUTY
WANDA WALDERA

Order re:   Motion to Transfer and
            Consolidate Actions

(For clerk's use only)

Case:  Pinnacle Irwin v. Clark Realty Capital     Case #:  1-11-CV203155

Order:

Plaintiffs' motion to transfer is denied.

Applying the standards listed in California Rules of Court 3.500(d), the cases are not complex, the common questions of law and fact are predominating and significant, efficient utilization of judicial facilities and staff resources would be better served, it would avoid duplicative and inconsistent rulings, orders, and judgments, and the likelihood of settlement would improve.

However, the additional standards for transfer are not sufficiently compelling to transfer the Monterey County action to Santa Clara County.

The differences between the airports' locations and services are not sufficient to conclude that there is a distinct convenience to the parties, witnesses, or counsel (especially considering the number of *pro hac vice* attorneys).

Although both cases are in their relative early stages of litigation, the Monterey County action is slightly ahead of the Santa Clara County action. The 29 second to nine minute time difference between service of the Monterey complaint and this complaint is minimal and not determinative.

This court does not find that the differences between Santa Clara County Courts and Monterey County Courts are sufficient to support this motion. Judge McKenney contacted Judge Villarreal to discuss these differences and is satisfied that they are minimal. Both cases are assigned to one judge for management up until trial. Both courts can move their cases quickly toward trial. Santa Clara County does

1

have daily *ex parte* availability, but at this time there is a 3-4 month waiting period to file a demurrer or motion for summary judgment. Monterey County has weekly *ex parte* availability, but can schedule law and motion more quickly.

This court does not disagree that these cases should be consolidated, but is hesitant to usurp the jurisdiction of the Monterey County Court. This court, in denying this motion, adopts the suggestion made during argument of ordering "the parties to prepare, serve, and file a motion to have the action transferred to the appropriate court." Rule 3.500(h).

It is with some reluctance that this motion was denied. These are interesting cases that have been handled in a courteous and professional manner. The cases could be efficiently litigated here, but that will also occur in Monterey County. However, as stated above, this court was very uncomfortable transferring the Monterey County action based on the standards discussed above.

The motion to transfer is denied. This case, *Pinnacle Irwin, LLC v. Clark Realty Capital, LLC*, 1-11-CV-202155, is stayed until November 15, 2011, at 10:00 a.m. in Department 20 pending a ruling in Monterey County Court on a motion to transfer and consolidate.

Dated: *September 15, 2011*

Kevin E. McKenney
Judge of the Superior Court