# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Monterey Bay Military Housing, et al., | ) | CASE NO. 5:14-cv-03953-BLF |
| Plaintiffs, | ) | |
| v. | ) | |
| Pinnacle Monterey, LLC, et al., | ) | |
| Defendants. | ) | |

## DECLARATION OF PAUL DAVID CRAMER

I, Paul David Cramer, being duly sworn on oath state as follows:

1.  I am over the age of 21 years and am competent to give this declaration based upon my personal knowledge of the facts stated herein.  I submit this declaration in support of Plaintiffs' Motion to Dissolve Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 59(e).

2.  On December 19, 2011, I was appointed the Acting Deputy Assistant Secretary of the Army for Installations, Housing & Partnerships (DASA (IH&P)).  On June 30, 2013, I was appointed as the DASA (IH&P) on a permanent basis.  In my role as both the acting and permanent DASA (IH&P), I have been the authorized Army official responsible for directing the implementation of the Army's Residential Communities Initiative (RCI) Program, under which the Army has privatized family housing located on numerous Army installations including the Presidio of Monterey, Fort Irwin, Fort Benning and Fort Belvoir.

3.  My immediate predecessor, Mr. Joseph Calcara, was the Army decision maker who approved the filing of this lawsuit (filed in California State Court) and of the lawsuit filed by the Owner entities at Fort Benning and Fort Belvoir, which was filed in Georgia State Court.

4.  Consistent with the practice established by Mr. Calcara, I have been the Army's decision maker regarding approval of the funding of both the California and Georgia litigation. All information requested by the Army related to the litigation and to support budget requests to fund the litigation has been provided directly to and reviewed by the DASA (IH&P)'s office.

5.  I am familiar with the claims in both cases, and I have reviewed the Georgia State Court's March 20, 2014 Order which held that American Management Services LLC and American Management Services East LLC and their employees engaged in intentional misconduct involving the falsification of work order data at both Fort Benning and Fort Belvoir and further held that such conduct had resulted in the termination of AMSE's property management agreements at both installations, at the time the conduct occurred.

6.      I am aware that there are similar allegations in this litigation, including that employees of AMS and American Management Services California Inc. (the property manager at Monterey and Irwin) have engaged in intentional misconduct involving the falsification of work order data and the closing of open work orders at Monterey and Irwin.  I have reviewed the sworn declarations of former AMS and AMSC employees at Monterey and Irwin, regarding the falsification of work order data and the closing of open work orders before work was completed.  As the Army's official decision maker on issues relating to this litigation, it is my belief that the closing of open work orders without work being completed creates potential life and safety issues for residents.

7.      Life safety issues have impacted military families at installations where Pinnacle was the property manager.  At Monterey, I am aware of an incident where a family was exposed to carbon monoxide fumes and made claims that this resulted in illness.  At Fort Belvoir, I am aware of an incident involving a fire in the Dogue Creek neighborhood, resulting in a fatality.  This incident resulted in a subsequent investigation by the Army's fire department at Fort Belvoir, which found numerous deficiencies relating to smoke detectors in Dogue Creek homes ("After the incident on December 9, 2011 the Fort Belvoir Fire & Emergency Services conducted a canvas of all the homes in Dogue Creek to check the smoke detectors in the homes.  There are 274 homes and we check 200 homes with 68 issues dealing with smoke detectors.").  While I am not suggesting that these incidents were the direct result of conduct by Pinnacle, they illustrate the significance of responding to work orders and of the Owner and Army being able to trust that work orders (including work orders involving life safety issues) have been completed by the property manager.  The Army insists that it and the Owner be able to trust that the property manager has done what it claims to have done, including responding to work orders.

8.      The Army supports the prompt removal of AMSC as property manager at both Presidio of Monterey and at Fort Irwin.  As the Army's official decision maker on issues relating to this litigation, it is my belief that prompt removal of AMSC is in the best interest of the Army and of its soldier-residents at Monterey and Irwin.


I declare under penalty of perjury that the foregoing is true and correct.


Paul D. Cramer

Executed on September _19th_, 2014