*E-Filed: January 6, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, CLARK PINNACLE MONTEREY BAY LLC, CLARK MONTEREY PRESIDIO LLC, CALIFORNIA MILITARY COMMUNITIES LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES LLC and CLARK IRWIN, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE MONTEREY LLC, PINNACLE IRWIN LLC, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., AMERICAN MANAGEMENT SERVICES LLC D/B/A PINNACLE, GOODMAN REAL ESTATE, INC., GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON and JOHN GOODMAN,<br><br>Defendants. | Case No. 14-CV-03953<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NOS. 1 AND 2**<br><br>[Re Docket Nos. 60, 76] |

Plaintiffs sue defendants for "a series of systematic frauds" relating to defendants' management of military housing at the Presidio of Monterey and Fort Irwin. Fourth Amended Complaint, Dkt. No. 1-23, at 2. In Discovery Dispute Joint Report ("DDJR") #1 plaintiffs seek production of defendant Stan Harrelson's personal bank records. In DDJR #2 plaintiffs seek

production of Joni Calloway's financial records. Ms. Calloway is the wife of a senior manager at one of the corporate defendants. Defendants object to the requests on privacy and relevancy grounds. The court denies plaintiffs' request as to Mr. Harrelson, and denies in part plaintiffs' requests as to Ms. Calloway.

### A. Rule 26 Standard

A party is only entitled to discovery of information relevant to the claims or defenses asserted in the case. Fed. R. Civ. P. 26(b)(1). When fraud or mistake is alleged, relevance must be assessed in light of the requirements of Rule 9(b), which states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *Peskoff v. Faber*, 230 F.R.D. 25, 28 (D.D.C. 2005) order clarified, 233 F.R.D. 207 (D.D.C. 2006).

### B. The Complaint Does Not Allege Any Fraud Relating to Stan Harrelson's Personal Bank Accounts

Plaintiffs cite to various paragraphs in the Fourth Amended Complaint in support of their argument that Mr. Harrelson's personal accounts are at issue. Although the complaint does refer to actions taken by Harrelson, the complaint only refers to money or transactions related to corporate accounts. *See, e.g.,* ¶¶ 65-66, 84-85 (referring to increased property management fees going to Pinnacle, not Harrelson). The closest plaintiffs come are allegations related to an alleged insurance discount. Plaintiffs allege that Harrelson "charged hidden fees" and received discounts related to insurance on properties "personally owned" by Harrelson. DDJR #1 at 2. The complaint does not allege that any information relating to the "personally owned" properties would be found in Mr. Harrelson's personal bank accounts, rather than in other corporate accounts. In fact, the complaint does not even allege that the properties were "personally owned" by Harrelson, only "owned (directly or indirectly) by Goodman and Harrelson." Complaint at ¶ 107. The complaint later specifies LLCs that allegedly benefited from the insurance discounts. *Id.* at ¶ 226; *see also Peskoff*, 230 F.R.D. at 28-29 (noting that complaint failed to implicate defendant's personal accounts when allegations were only made against defendant's business entities).

Plaintiffs also argue that the RICO allegations are sufficient to place Harrelson's personal bank records at issue. Plaintiffs allege that various defendants, including Harrelson, were associated-in-fact as an enterprise and benefited from the insurance scheme. Complaint ¶¶ 226-230. Again, although the complaint contains allegations against Harrelson, none of the those allegations are tied to his personal bank accounts. Because the complaint does not allege any misconduct connected to Mr. Harrelson's personal accounts, the discovery plaintiffs seek is not relevant to the claims or defenses asserted. Fed. R. Civ. P. 26(b)(1). Therefore, the court denies plaintiffs' request for Mr. Harrelson's personal financial records.[1]

### C. Joni Calloway's Employment and Financial Records Are Relevant to the Allegations in the Complaint

Ron Calloway is a senior manager at defendant Pinnacle. Records from Mr. Calloway showed cash deposits of over $70,000 into his personal bank accounts during the time he was employed at Pinnacle. Mr. Calloway testified that the cash deposits may have been from his wife's employers. DDJR #2 at 2. Accordingly, plaintiffs seek Ms. Calloway's bank records and employment records to discover the source of the cash deposits. Plaintiffs believe that the cash may be kickbacks from Pinnacle vendors.

Ms. Calloway argues that her employment and financial records are not relevant to any allegations in the complaint, and any suggestion that the cash is from kickbacks is pure speculation.

The complaint does allege that "Pinnacle employees pocketed cash from project vendors." ¶¶ 128-134. Mr. Calloway could be one such employee. Although Mr. Calloway testified that he did not receive any kickbacks, plaintiffs are entitled to discovery to support their allegations.

Plaintiffs' current subpoenas are overly broad. Plaintiffs seek records from Ms. Calloway's prior employer Wheeler Carpets, her current employer Quality Plumbing, and records from Salinas, CA banks. Wheeler Carpets was a Pinnacle vendor beginning in 2008. DDJR #2 at 8. Quality Plumbing has never been a Pinnacle vendor. *Id.* Accordingly, the court will only order production of Ms. Calloway's employment records from Wheeler Carpets during the time it was a Pinnacle vendor, as the allegations in the complaint only relate to kickbacks from vendors. The court also

---

[1] The Court agrees that the parties' stipulated protective order would adequately protect Mr. Harrelson's privacy interests, but the protective order cannot overcome a lack of relevance.

orders production of Ms. Calloway's bank records showing cash deposits, pursuant to the parties' protective order. Plaintiffs may depose Ms. Calloway on the source of the cash deposits.

**IT IS SO ORDERED.**

Dated: January 6, 2015

_____
Howard R. Lloyd
United States Magistrate Judge