*E-Filed: January 16, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, CLARK PINNACLE MONTEREY BAY LLC, CLARK MONTEREY PRESIDIO LLC, CALIFORNIA MILITARY COMMUNITIES LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES LLC and CLARK IRWIN, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE MONTEREY LLC, PINNACLE IRWIN LLC, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., AMERICAN MANAGEMENT SERVICES LLC D/B/A PINNACLE, GOODMAN REAL ESTATE, INC., GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON and JOHN GOODMAN,<br><br>Defendants. | Case No. 14-CV-03953 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 3**<br><br>[Re Docket No. 77] |

Plaintiffs sue defendants for "a series of systematic frauds" relating to defendants' management of military housing at the Presidio of Monterey and Fort Irwin. Fourth Amended Complaint, Dkt. No. 1-23, at 2. In Discovery Dispute Joint Report ("DDJR") #3 plaintiffs seek drafts of the 6/17/2013 declaration of Stacia Schuster, a former employee of defendant AMS.

Plaintiffs contend that Ms. Schuster's June 2013 declaration "flatly contradicts" evidence produced during discovery, including a later deposition of Ms. Schuster, and plaintiffs seek drafts of the declaration so that plaintiffs can "effectively inquire into the contents of Ms. Schuster's declaration." Dkt. No. 77 at 1, 7.

First, plaintiffs' so called "flat contradictions" are not shown in the record. Most of the contradictions are merely inconsistencies or evidence that shows people have imperfect memories of events that took place over 5 years ago. Second, as plaintiffs' acknowledge, the drafts of the declaration are attorney work product that is only discoverable if plaintiffs show substantial need. Fed. R. Civ. P. 26(b)(3). Plaintiffs have not met that burden. Plaintiffs had the opportunity to depose Ms. Schuster on her declaration, drew out the inconsistencies mentioned in the DDJR, and may be able to use those inconsistencies to impeach Ms. Schuster at trial. Plaintiffs were also able to extract additional information from Ms. Schuster related to the contents of her declaration, and obtained information from others that casts light on her declaration. Plaintiffs were not deprived of their ability to inquire into the contents of Ms. Schuster's declaration. Plaintiffs also have no basis for suggesting that defense counsel "framed" the statements in the declaration. The fact that Ms. Schuster did not remember who prepared the declaration does not suggest otherwise. Accordingly, the court denies plaintiffs' request.

**IT IS SO ORDERED.**

Dated: January 16, 2015

Howard R. Lloyd
United States Magistrate Judge