*E-Filed: January 16, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, CLARK PINNACLE MONTEREY BAY LLC, CLARK MONTEREY PRESIDIO LLC, CALIFORNIA MILITARY COMMUNITIES LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES LLC and CLARK IRWIN, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE MONTEREY LLC, PINNACLE IRWIN LLC, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., AMERICAN MANAGEMENT SERVICES LLC D/B/A PINNACLE, GOODMAN REAL ESTATE, INC., GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON and JOHN GOODMAN,<br><br>Defendants. | Case No. 14-CV-03953 BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 4**<br><br>[Re Docket No. 78] |

Plaintiffs sue defendants for "a series of systematic frauds" relating to defendants' management of military housing projects at the Presidio of Monterey and Fort Irwin. Fourth Amended Complaint, Dkt. No. 1-23, at 2. In Discovery Dispute Joint Report ("DDJR") #4 defendants seek production of unredacted responsive documents related to plaintiffs' insurance.

During the course of prior litigations between the parties, prior court orders determined that "information pertaining to [plaintiffs'] construction, builder's risk, auto, or pollution insurance" is not relevant to the parties' disputes. *Id.* Plaintiff has produced responsive documents with this non-relevant information redacted.

Plaintiffs' position is that because the information is highly commercially sensitive and not relevant (as established by court order), plaintiff may redact it. Defendants' position is that the plaintiff cannot unilaterally redact information from responsive documents, and the prior court orders do not address redactions within responsive documents. Both parties agree that the redacted information is not relevant, but defendants question the propriety of the redactions. *Id.* at 6.

Accordingly, to balance the plaintiffs' concern that the irrelevant information will be disclosed to their competitors, and defendants' concern that plaintiffs are over-redacting, the court orders plaintiffs to produce the unredacted, responsive documents subject to an attorneys-eyes only designation, at plaintiffs' counsels' office (or similar mutually agreed on location) for review by defendants' attorneys. The unredacted documents shall include highlighting or a similar indication to allow defendants' attorneys to readily identify the redacted information. *See also* Civ. L. R. 79-5(d)(1)(D). The documents shall not be removed from the reviewing location. The purpose of the review is limited to allowing defendants' attorneys to confirm that the redactions are limited to "information pertaining to construction, builder's risk, auto, or pollution insurance" only.

**IT IS SO ORDERED.**

Dated: January 16, 2015

_____
Howard R. Lloyd
United States Magistrate Judge

ORDER RE: DDJR NO. 4
Case No 14-CV-03953

- 2 -