UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PINNACLE MONTEREY LLC, et al., <br><br> Defendants. | Case No. 14-cv-03953-BLF <br><br> **ORDER DENYING ADMINISTRATIVE MOTION TO FILE EXHIBIT UNDER SEAL** <br><br> [Re: ECF 132] |

Before the Court is Plaintiffs' Administrative Motion to File Exhibit 1 to Plaintiffs' Reply in Support of Motion to File Fifth Amended Complaint Under Seal. Admin. Mot., ECF 132. As the title indicates, Plaintiffs seek to seal an exhibit in support of their motion for leave to amend. The document sought to be sealed was produced by Defendants on November 26, 2014 and designated "Attorney's Eyes Only" pursuant to a protective order entered in this action before it was removed to federal court.[1] *Id.* at 1. Plaintiffs requested that Defendants de-designate the document, but the parties instead stipulated to file the document under seal. *Id.*; *see* Stip., ECF 132-3. No other explanation is provided in support of the sealing request.

There is a "strong presumption in favor of access" to public records and documents, including judicial ones. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party seeking to seal a judicial record relating to the merits of the case bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* This standard is invoked "even if the dispositive motion, or its attachments, were previously

---

[1] The parties have not provided this Court with a copy of the protective order.

filed under seal or protective order." *Id.* at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, requiring only a particularized "good cause" showing under Federal Rule of Civil Procedure 26(c) for sealing such documents.[2] *Id.* at 1179-80.

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling or particularized reasons for sealing is placed on the designating party, which must supply a supporting declaration within 4 days of the filing of the administrative motion to file under seal. *Id.* at 79-5(e)(1).

Plaintiffs' request to seal documents designated confidential by Defendants was filed on February 27, 2015. To date, Defendants have not submitted any declaration in support of the sealing request. As such, Plaintiffs' Administrative Motion to File Exhibit 1 Under Seal is DENIED. Plaintiffs shall file the unredacted version of Exhibit 1 into the public record **no earlier than 4 days, and no later than 10 days**, from the date of this order. Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: March 9, 2015

BETH LABSON FREEMAN
United States District Judge

---

[2] The Court notes that because the protective order in this case was not entered pursuant to Rule 26, this Court has not "already [ ] determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).