*E-Filed: March 20, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC; et al.,<br><br>　　　　Plaintiffs,<br>　　v.<br>PINNACLE MONTEREY LLC; et al.,<br><br>　　　　Defendants.<br>_____/ | No. C14-03953 BLF (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #7**<br><br>**[Re: Docket No. 134]** |

　　　Plaintiffs allege that Defendants, with assistance from their controlled insurance broker Lockton, consistently misled Plaintiffs in material respects related to the provision of insurance for the Irwin and Monterey Military Housing Projects. Specifically, Plaintiffs allege that Defendants charged an undisclosed risk management fee, charged the Projects above-market insurance rates, and used the low insurance risk of the Projects to subsidize the insurance premiums of higher risk properties controlled by Defendants John Goodman and Stan Harrelson. Fourth Amend. Compl. ¶¶ 92-127. Defendants contend that Plaintiffs had knowledge of the risk management fees. The parties dispute whether Defendants took steps to hide the existence of the risk management fee in documentation they sent to Plaintiffs. Specifically, Plaintiffs argue that in a certain Excel spreadsheet, Defendants hid references to the risk management fee in a "hidden" column.

　　　In February 2015, Rafeal Muniz was deposed. Muniz was the Development Executive for Clark Realty Capital from 2001 to 2006. In 2008, Muniz joined Pinnacle. Before the deposition, Muniz met with counsel for Pinnacle, who showed him certain documents, including an Excel

1  spreadsheet that contained a cell with a formula calculating the risk management fee being paid to
2  Defendants.  In the present Discovery Dispute Joint Report #7, Plaintiff seeks the production of all
3  documents reviewed by Muniz prior to his deposition.

4        Under Federal Rule of Evidence 612, where a witness uses a document to refresh his
5  recollection prior to testifying, "an adverse party is entitled to have the writing produced at the
6  hearing, to inspect it, to cross-examine the witness about it" when "justice requires."  Rule 612
7  apples to depositions to require the disclosure of documents used to refresh a witness's recollection
8  prior to a deposition.  8A Wright & Miller, Fed. Prac. & Proc. § 6183.  "By its very language, Rule
9  612 requires that a party meet three conditions before it may obtain documents used by a witness
10 prior to testifying: 1) the witness must use the writing to refresh his memory; 2) the witness must
11 use the writing for the purpose of testifying; and 3) the court must determine that production is
12 necessary in the interests of justice." *Sporck v. Peil*, 759 F.2d 312, 317 (3d Cir. 1985); *see also*
13 *Greer v. Elec. Arts, Inc.*, No. C10-3601 RS JSC, 2012 WL 6131031, at *2 (N.D. Cal. Dec. 10,
14 2012).

15       Here, the parties dispute whether Plaintiffs have laid a proper foundation for application of
16 Rule 612.  Plaintiffs argue that Muniz's testimony was based on the Excel spreadsheet shown to him
17 the day before his deposition, while Defendants argue that his testimony was based on his
18 independent recollection.

19       The Court finds that Plaintiffs have failed to lay a proper foundation for application of Rule
20 612.  First, Plaintiffs have not shown that Muniz used the writing to refresh his memory.  Muniz
21 never testified that the documents he reviewed refreshed his recollection on his belief that Clark had
22 knowledge of the risk management fee associated with Pinnacle's insurance program.  When asked
23 whether the purpose of reviewing the documents before his deposition was to refresh his memory,
24 Muniz testified: "I would have been just as happy showing up here today without doing anything
25 yesterday . . . .  I was just reviewing what was in front of me."  2/24/2015 Muniz Dep. Tr. at 108.  In
26 addition, Muniz testified that he "flipped through [the documents] fairly quickly."  *Id.* at 8.

27       Second, Plaintiffs have not shown that Muniz relied on the documents in giving his
28 testimony.  Muniz's belief that Clark had knowledge of the risk management fee stemmed from his

1  recollection of conversations with his colleagues.  Muniz was asked, "apart from the spreadsheet,
2  were you aware of any other documents that disclosed to you, while you worked at Fort Irwin, that
3  Pinnacle was charging a—some sort of fee in connection with placing insurance for the projects?"
4  *Id.* at 56.  Muniz relied that "Clark had an asset management team that was very aware of the
5  insurance program," without referencing any documents.  *Id.*  Muniz was also asked, "did you
6  discuss with anyone at Clark that Pinnacle was charging some sort of risk management fee for
7  administering the master insurance program . . . ?"  *Id.* at 58.  Muniz replied, "I can tell you that we
8  had conversations about insurance and I'm sure we talked about the fact that there was a fee
9  associated with the program."  *Id.*

10  In addition, Muniz was asked, "other than the spreadsheet, can you point to any other emails
11  or documents that reflect your knowledge of this fee that Pinnacle was charging for placing
12  insurance?"  *Id.* at 59.  Muniz replied, "I would expect that there were emails with, probably, A.J.
13  Caputo, again, because he was responsible for that kind of thing . . . .  I'm pretty sure that there was
14  correspondence associated with that."  *Id.*  Muniz was asked, "have you seen any such emails, at all,
15  in the last couple years?"  *Id.* at 60.  Muniz replied, "there were some insurance emails I saw
16  yesterday.  I can't tell you specifically if it was a general discussion about insurance or if it was—if
17  it specifically highlighted knowledge of having a fee or not…."  *Id.*

18  Third, because Plaintiff has not shown that the materials impacted the testimony at issue,
19  Plaintiff has not shown that production of the documents is necessary in the interests of justice.

20  Plaintiffs allude to the fact that Muniz received a large payment from Pinnacle in 2013,
21  although he left the company in 2010.  *Id.* at 160.  Muniz, however, explained in his deposition that
22  this payment was the result of a bonus that he was entitled to, but never received, while working at
23  Pinnacle.  *Id.*  When asked why he did not receive the bonus until 2013, Muniz testified that it was
24  "just a simple cash flow issue probably."  *Id.* at 163.

25  Plaintiffs also assert that a Georgia trial judge previously instructed Pinnacle to not mislead
26  witnesses about information that was hidden in Excel spreadsheets that Pinnacle or Lockton sent to
27  the owners of the Projects.  The Georgia court ordered Pinnacle and then co-defendant Lockton to
28  "disclose any differences known to the questioner between a document as originally transmitted and

3

as shown to the witness at the deposition or trial, including whether any columns or rows of spreadsheets have been hidden or unhidden." 12/31/2014 Order Granting Plaintiffs' Motion for Protective Order Against Defendants' Counsel Misleading Witnesses. Plaintiffs' motion for a protective order in that case, however, pertained to the alleged misconduct of former co-defendant Lockton during depositions, not the conduct of Pinnacle's counsel.

Accordingly, Plaintiffs' request for the production of all documents reviewed by Muniz prior to his deposition is denied.

**IT IS SO ORDERED.**

Dated: March 20, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-03953 BLF (HRL) Notice will be electronically mailed to:**

Alice Y Chu    chua@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Amanda D. Donson    donsona@gtlaw.com, svlitdock@gtlaw.com, zhangju@gtlaw.com

Andrew Lee Mathews    amathews@ams-ms.com

Cindy Hamilton    hamiltonc@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Daniel G. Hildebrand    hildebrandd@gtlaw.com

Donna Marie Welch    dwelch@kirkland.com, annemarie.hittler@kirkland.com, carrie.gillfillan@kirkland.com, laura.kemphues@kirkland.com

Douglas R. Young    dyoung@fbm.com, calendar@fbm.com

Ian David Burkow    burkowi@gtlaw.com

Jeffrey L. Willian    jeffrey.willian@kirkland.com, annemarie.hittler@kirkland.com, carrie.gillfillan@kirkland.com, lkemphues@kirkland.com

Jessica Jane Bluebond-Langner    jessica.bluebond-langner@kirkland.com

Kara L. Arguello    kara.arguello@berliner.com, sabina.hall@berliner.com

Karen P. Kimmey    kkimmey@fbm.com, bheuss@fbm.com, calendar@fbm.com

Lindsay Erin Hutner    hutnerl@gtlaw.com, altamiranot@gtlaw.com, svlitdock@gtlaw.com

Marc Howard Cohen    marc.cohen@kirkland.com

Thomas Edward Dutton    duttont@gtlaw.com, KelleyJ@gtlaw.com

William J. Goines    goinesw@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Yates McLaughlin French    yfrench@kirkland.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**