*E-Filed: April 2, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC; et al., <br><br> Plaintiffs, <br> v. <br> PINNACLE MONTEREY LLC; et al., <br><br> Defendants. | No. C14-03953 BLF (HRL) <br><br> **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #5** <br><br> **[Re: Docket No. 122]** |

Plaintiffs sue Defendants for "a series of systematic frauds" relating to Defendants' management of military housing at the Presidio of Monterey and Fort Irwin. Fourth Am. Compl. ¶ 2. Non-party Lincoln Military Housing ("LMH") manages privatized military housing facilities located in California and has obtained property and general liability insurance for the properties it manages.

In November 2014, Defendants served a subpoena duces tecum on various LMH entities. LMH provided Pinnacle with written objection to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(1) and (d)(2)(B), arguing that it would be burdensome to produce documents responsive to each of Pinnacle's requests. Pinnacle subsequently narrowed the scope of the subpoena to request documents sufficient to show the cost of property and general liability insurance on a per-unit or per $100 of total insured value basis incurred for each of the projects defined by the subpoena. LMH objects to the subpoena as narrowed on the basis that the information sought is not relevant and contains confidential and proprietary business information.

In Discovery Dispute Joint Report #5, Pinnacle seeks an order compelling LMH to comply with the narrowed scope of the subpoena. LMH argues that the subpoena should be quashed on the grounds that (1) the documents sought are not relevant to the issues in this action, and (2) the documents sought constitute confidential and sensitive business information of a competitor.

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970).

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Fed. R. Civ. P. 45(d)(3)(B) provides that the court may quash or modify a subpoena if it requires: "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a

party." Additionally, Fed. R. Civ. P. 45(c)(3) provides that the court must quash or modify a subpoena that imposes an undue burden.

The claims in this action fall under three main categories: (1) that Pinnacle concealed its use of military projects in the Master Insurance Plan to subsidize the insurance rates paid for personal assets owned by several of the defendants; (2) that Pinnacle concealed the payment to itself of administrative fees and surplus from a general liability loss fund the details of which defendants never fully disclosed; and (3) that Pinnacle concealed the fee it paid itself in connection with renter's insurance.

The narrowed subpoena seeks information that is not relevant or calculated to lead to the discovery of admissible evidence. The subpoena requests documents fundamentally unrelated to the underlying claims in that it (1) seeks documents relating not to Monterey or Irwin, but to any "privatized military housing units in California owned or managed by recipient of subpoena," and (2) seeks documents concerning the procurement of insurance by a different property manager, with a different portfolio makeup, under different conditions, under a different set of property management agreements.

In addition, the documents and information sought by the subpoena seeks confidential information from a nonparty competitor relating to its business operations. Pinnacle's narrowed subpoena seeks LMH's insurance submissions to the market that contain information about LMH's business operations and business practices that is otherwise not public. For example, Pinnacle seeks a "listing of properties and values provided for each renewal of insurance at the Project." This contains sensitive and confidential information about the properties LMH manages (i.e. locations, values, loss history, of properties owned/managed by LMH and insurance rating information). Nonparty discovery may not be used unnecessarily to discover confidential information of a competitor. *See United States v. CBS, Inc*., 103 F.R.D. 365, 368 (C.D. Cal. 1984) (finding that "[t]he need to protect the Nonparty Witnesses from disclosure of [confidential or privileged] information was particularly acute in this case because the defendants and the Nonparty Witnesses are direct competitors and customers").

Accordingly, Pinnacle's request for an order compelling LMH to comply with the narrowed scope of the subpoena is denied.  LMH's request to quash the subpoena is granted.

**IT IS SO ORDERED.**

Dated:  April 2, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C14-03953 BLF (HRL) Notice will be electronically mailed to:**

Alice Y Chu   chua@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Amanda D. Donson   donsona@gtlaw.com, svlitdock@gtlaw.com, zhangju@gtlaw.com

Andrew Lee Mathews   amathews@ams-ms.com

Cindy Hamilton   hamiltonc@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Daniel G. Hildebrand   hildebrandd@gtlaw.com

Donna Marie Welch   dwelch@kirkland.com, annemarie.hittler@kirkland.com, carrie.gillfillan@kirkland.com, laura.kemphues@kirkland.com

Douglas R. Young   dyoung@fbm.com, calendar@fbm.com

Ian David Burkow   burkowi@gtlaw.com

Jeffrey L. Willian   jeffrey.willian@kirkland.com, annemarie.hittler@kirkland.com, carrie.gillfillan@kirkland.com, lkemphues@kirkland.com

Jessica Jane Bluebond-Langner   jessica.bluebond-langner@kirkland.com

Kara L. Arguello   kara.arguello@berliner.com, sabina.hall@berliner.com

Karen P. Kimmey   kkimmey@fbm.com, bheuss@fbm.com, calendar@fbm.com

Lindsay Erin Hutner   hutnerl@gtlaw.com, altamiranot@gtlaw.com, svlitdock@gtlaw.com

Marc Howard Cohen   marc.cohen@kirkland.com

Thomas Edward Dutton   duttont@gtlaw.com, KelleyJ@gtlaw.com

William J. Goines   goinesw@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Yates McLaughlin French   yfrench@kirkland.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**