*E-Filed: April 7, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC; et al.,<br><br>          Plaintiffs,<br>     v.<br><br>PINNACLE MONTEREY LLC; et al.,<br><br>          Defendants. | No. C14-03953 BLF (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #6**<br><br>**[Re: Docket No. 125]** |

Plaintiffs sue Defendants for "a series of systematic frauds" relating to Defendants' management of military housing at the Presidio of Monterey and Fort Irwin. Fourth Am. Compl. ¶ 2. Pinnacle asserts that non-party Tierra Vista Communities LLC ("TVC") manages a privatized military housing facility located in California and has obtained property and general liability insurance for the property. TVC, however, asserts that it is one part of a large family of corporate entities under the Lend Lease Americas, Inc. ("Lend Lease") umbrella, and the property and general liability insurance coverage applicable to TVC's and its direct affiliates' various military housing projects exists only in the context of a global insurance program applicable to numerous affiliated military housing developments.

Defendant Pinnacle Monterey LLC, Pinnacle Irwin LLC, American Management Services California Inc., American Management Services LLC (dba Pinnacle), and Stanley Harrelson (collectively "Pinnacle" or "Defendants") served a subpoena duces tecum on TVC. TVC objected to the subpoena on the grounds that it would be burdensome to produce documents responsive to

each of Pinnacle's requests. Pinnacle subsequently narrowed the scope of the subpoena to request documents sufficient to show the cost of property and general liability insurance on a per-unit or per $100 of total insured value basis incurred for each of the projects defined by the subpoena.

In Discovery Dispute Joint Report #6, Pinnacle seeks an order compelling TVC to comply with the narrowed scope of the subpoena. TVC argues that the subpoena should be quashed on the grounds that the documents sought are not relevant to the issues in this action, compliance with the subpoena would impose an undue burden on TVC, and compliance would require TVC to provide to its direct business competitor, for no legitimate purpose, proprietary and confidential business information.

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970).

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc*., 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

1      Fed. R. Civ. P. 45(d)(3)(B) provides that the court may quash or modify a subpoena if it
2  requires: "(i) disclosing a trade secret or other confidential research, development, or commercial
3  information; or (ii) disclosing an unretained expert's opinion or information that does not describe
4  specific occurrences in dispute and results from the expert's study that was not requested by a
5  party." "In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or
6  modifying a subpoena, order appearance or production under specified conditions if the serving
7  party: (i) shows a substantial need for the testimony or material that cannot be otherwise met
8  without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably
9  compensated." Fed. R. Civ. P. 45(d)(3)(C).  Additionally, Fed. R. Civ. P. 45(c)(3) provides that the
10 court must quash or modify a subpoena that imposes an undue burden.

11     First, the narrowed subpoena at issue here seeks information that is not relevant or calculated
12 to lead to the discovery of admissible evidence. Lend Lease is a large military housing developer
13 with a large portfolio of nationwide military use properties of varying scopes, of which TVC's
14 California properties are one component.  All of them are insured under one program specific to
15 Lend Lease's individualized's global risk profile and loss history and developed over the course of
16 Lend Lease's relationships with its various insurers.  This proprietary insurance program is of a
17 different variety and scope from Defendants' program, and based on the allegation against
18 Defendants, it is run in a different manner.  Lend Lease's program is specific to military use
19 properties only, while Defendants' program co-mingles military and public use risks.  In addition,
20 the insurance costs associated with Lend Lease's program are limited exclusively to actual external
21 insurance costs (i.e., premiums), while Defendants' insurance costs include internal administrative
22 fees in addition to premiums.  Thus, Lend Lease's program is not comparable to the program
23 obtained by Defendants.  Dissecting this program in an attempt to establish which costs are
24 attributable, on a "per unit or per $100 of total insured value basis" to those properties developed
25 and/or managed by TVC in California would potentially necessitate production of all documents
26 related to this program.

27     Second, the documents sought, and the information contained within, consist of proprietary
28 and confidential business information.  Defendants do not dispute that the documents they seek from

TVC/Lend Lease contain confidential business information. Accordingly, Defendants must demonstrate a substantial need for the documents that cannot otherwise be met without undue hardship. Defendants have not done so here. Defendants assert that their expert "requires the information sought by the Subpoena" in order to respond to the underlying expert's report. Defendants do not explain, however, why Defendants' expert requires another developer's insurance information, which is not comparable to the insurance program obtained by Defendants that is at issue here.

Accordingly, Pinnacle's request for an order compelling TVC to comply with the narrowed scope of the subpoena is denied. TVC's request to quash the subpoena is granted.

**IT IS SO ORDERED.**

Dated: April 7, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

**C14-03953 BLF (HRL) Notice will be electronically mailed to:**

Alice Y Chu     chua@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Amanda D. Donson     donsona@gtlaw.com, svlitdock@gtlaw.com, zhangju@gtlaw.com

Andrew Lee Mathews     amathews@ams-ms.com

Cindy Hamilton     hamiltonc@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Daniel G. Hildebrand     hildebrandd@gtlaw.com

Donna Marie Welch     dwelch@kirkland.com, annemarie.hittler@kirkland.com, carrie.gillfillan@kirkland.com, laura.kemphues@kirkland.com

Douglas R. Young     dyoung@fbm.com, calendar@fbm.com

Ian David Burkow     burkowi@gtlaw.com

Jeffrey L. Willian     jeffrey.willian@kirkland.com, annemarie.hittler@kirkland.com, carrie.gillfillan@kirkland.com, lkemphues@kirkland.com

Jessica Jane Bluebond-Langner     jessica.bluebond-langner@kirkland.com

Kara L. Arguello     kara.arguello@berliner.com, sabina.hall@berliner.com

Karen P. Kimmey     kkimmey@fbm.com, bheuss@fbm.com, calendar@fbm.com

Lindsay Erin Hutner     hutnerl@gtlaw.com, altamiranot@gtlaw.com, svlitdock@gtlaw.com

Marc Howard Cohen     marc.cohen@kirkland.com

Thomas Edward Dutton     duttont@gtlaw.com, KelleyJ@gtlaw.com

William J. Goines     goinesw@gtlaw.com, baileyme@gtlaw.com, svlitdock@gtlaw.com

Yates McLaughlin French     yfrench@kirkland.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**