UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>PINNACLE MONTEREY LLC, et al.,<br><br>    Defendants. | Case No.  14-cv-03953-BLF<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT**<br><br>[Re: ECF 109] |

Plaintiffs in this action seek leave to supplement their complaint mere months before trial. Defendants oppose. The Court heard oral argument on the motion on April 9, 2015 and thereafter took the matter under submission. For the reasons stated herein, Plaintiffs' Motion for Leave to File Fifth Amended Complaint is GRANTED IN PART and DENIED IN PART.

**I.      BACKGROUND**

The lengthy factual and procedural history of this case is well known to the parties. This action began in state court in 2011 and was removed to federal court on September 2, 2014. Fact discovery is closed, save for limited clean up agreed to by the parties and ordered by this Court. All parties—including individual defendants Stan Harrelson and John Goodman—filed their respective motions for summary judgment on March 24, 2015. Trial is presently set to begin on August 3, 2015, and all parties agree that the trial should go forward on that date.

Plaintiffs on January 28, 2015 filed the instant motion seeking to introduce additional claims and allegations based on Defendants' alleged fraudulent transfer of assets that occurred after the filing of this lawsuit. Specifically, Plaintiffs aver that they learned of a "transfer of ownership" involving defendants American Management Services LLC ("AMS") and American Management Services California Inc. ("AMSC") through a cryptic press release in September

2014. Pl.'s Mot. 2, ECF 109. Thereafter, they sought discovery on the details of the transfer. Defendants initially opposed the discovery because it pertained to claims outside of the pleadings, but eventually made a small production of the closing documents on November 26, 2014. *Id.*; *see* Def.'s Opp. 1, ECF 123. Through the produced documents, Plaintiffs learned that AMS transferred "substantially all of the assets needed to operate as a going concern" to Pinnacle Property Management Services LLC ("PPMS"), a new entity owned by a "handful" of former AMS executives and a new investor—Hunt Companies, Inc. Pl.'s Mot. 5; Decl. of Jessica Bluebond-Langner ECF 109-1 Exh. 1 ("Proposed 5AC") ¶¶ 168-69). Plaintiffs assert that the purchase price of $30 million understated the value of assets that AMS sold and was an effort to render AMS and AMSC judgment proof. Pl.'s Mot. 1; Proposed 5AC ¶¶ 172-73, 180.

Plaintiffs now seek to add four new claims against AMS, AMSC, Goodman, and Harrelson based on this allegedly fraudulent transfer. Proposed 5AC ¶¶ 252-77. Plaintiffs also seek to supplement their existing claim against Defendants for violation of the RICO statute, 8 U.S.C. §§ 1961 *et seq.*, by adding the alleged fraudulent transfer as an additional predicate act of wire and/or mail fraud. *Id.* ¶¶ 278-95 ("civil RICO" claim).

**II.   LEGAL STANDARD**

Plaintiffs' motion is governed by Federal Rule of Civil Procedure 15(d) because they seek to serve what is essentially a supplemental pleading setting out a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court may permit a supplemental pleading on motion, reasonable notice, and "just terms." *Id.*

The decision to permit a supplemental pleading is committed to the "sound discretion" of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971). The same factors relevant to a Rule 15(a) motion for leave to amend the complaint—undue delay, prejudice, bad faith, and futility—are generally considered in a Rule 15(d) motion to supplement. *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d

1014, 1057 (9th Cir. 1981). To that end, courts "liberally construe Rule 15(d) absent a showing of prejudice to the defendant." *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988).

**III.   DISCUSSION**

Defendants strenuously oppose leave to amend, arguing that each of the *Foman* factors weighs against granting leave. Defendants moreover argue that Plaintiffs have failed to demonstrate "good cause" under Rule 16 sufficient to upset this Court's scheduling order. Def.'s Opp. 5. The Court finds that the relevant factors weigh in favor of permitting Plaintiffs to supplement their civil RICO claim. However, the proposed new *claims* based on the alleged fraudulent transfer are futile without the joinder of indispensable parties and adding such claims at this stage in the litigation would severely prejudice the existing defendants.

With respect to undue delay and bad faith, the Court finds that these factors are essentially neutral. Plaintiffs first learned of the transaction at issue in an ambiguous press release in September 2014.[1] They diligently sought discovery from Defendants and were met with valid objections. It is not clear at what point Plaintiffs had sufficient information to pursue the proposed amendment consistent with their obligations under Rules 9 and 11. Plaintiffs averred at the hearing that they brought the instant motion only after assuring themselves that they had sufficient basis to pursue the proposed claims, and the Court has no reason to believe otherwise. As such, given that both sides acted in the manner that one would expect of highly represented parties in a hotly contested lawsuit, the Court finds no undue delay between September 2014 and Plaintiffs' filing of the present motion five months later. Similarly, because Plaintiffs did not discover the basis for their proposed amendments until relatively recently, the Court finds good cause to entertain the motion for leave to amend.

As to futility, the Court finds that this factor weighs against allowing the proposed four new claims against AMS, AMSC, Harrelson, and Goodman based upon the alleged fraudulent transfer. Proposed 5AC ¶¶ 252-77. Defendants argue that the proposed claims omit an

---

[1] The Court rejects Defendants' suggestion that Plaintiffs were on inquiry notice of a potential fraudulent transfer based on Stanley Harrelson's statement to the Army in 2010 that there would be "nothing left to collect" at the end of the litigation. Def.'s Mot. 12.

indispensable party—PPMS, the transferee and beneficiary of this allegedly fraudulent transfer of assets. Def.'s Opp. 8-9. The Court agrees. Plaintiffs counter that they are merely seeking monetary damages from Harrelson and Goodman—the beneficiaries of the fraudulent transfer—and, as such, may elect not to join the transferee. Pl.'s Reply 7-9; Cal. Civil Code § 3439.08(b) (permitting creditor injured by fraudulent transfer to "recover judgment for the value of the asset transferred" from "[t]he first transferee of the asset or the person for whose benefit the transfer was made"). That assertion is belied by the requested relief in the proposed 5AC, which seeks, *inter alia*, avoidance of the transaction and a freezing of the assets transferred from AMS to PPMS. Proposed 5AC at 68-69 (Prayer for Relief ¶¶ N-P). Such relief would necessarily impair the rights of the absent transferee, thereby requiring its joinder under Rule 19(a). *Accord Diamond Heights Vill. Ass'n, Inc. v. Fin. Freedom Senior Funding Corp.*, 196 Cal. App. 4th 290, 304 (2011) ("Transferees are necessary parties 'in an action to declare a transfer void as fraudulent.'" (quoting *Heffernan v. Bennett & Armour*, 110 Cal. App. 2d 564, 586-87 (1952)). It goes without saying that joining a new defendant at this late stage would derail the trial schedule and prejudice Defendants—particularly Harrelson and Goodman—who have borne the burden of this lawsuit for close to four years.

Moreover, while requiring Plaintiffs to strike out the problematic claims for relief and seek only personal judgment against Harrelson and Goodman had facial appeal, Plaintiffs have not adequately alleged that those individuals were "person[s] for whose benefit the transfer was made." Cal. Civil Code § 3439.08(b). Although Goodman and Harrelson are alleged—in rather conclusory fashion—to have benefitted from the transaction with PPMS, Plaintiffs principle theory is that the transaction occurred in order to render *AMS* and *AMSC* judgment proof. *See* Proposed 5AC ¶¶ 6, 166-84. Plaintiffs cannot seek "personal judgment" against AMS and AMSC as "person[s] for whose benefit the transfer was made" under § 3439.08(b) where AMS and AMSC are also the "debtors" in relation to Plaintiffs' position as an alleged judgment creditor. *Renda v. Nevarez*, 223 Cal. App. 4th 1231, 1239 (2014); *id.* at 1237 (noting also that "[a] creditor who successfully attacks a transfer under the UFTA is not automatically entitled to a money judgment against the person for whose benefit the transfer was made"); *see also In re Coggin*, 30

4

F.3d 1443, 1454 (11th Cir. 1994). To the extent Plaintiffs seek to hold Goodman and Harrelson liable for the same alleged fraud of AMS and AMSC, Plaintiffs likewise cannot recover duplicative personal judgment against Goodman and Harrelson for the alleged fraudulent transfer of assets to PPMS. As such, it would be futile to permit Plaintiffs to further amend their proposed claims in order to circumvent the deficiencies that Defendants identified in opposition.

Plaintiffs' request to supplement their civil RICO claim with an additional predicate act based upon the alleged fraudulent transfer to PPMS presents a different matter. Rule 15(d) entitles Plaintiffs to obtain as complete an adjudication of their claims as is permissible in light of other circumstances. *See William Inglis & Sons*, 668 F.2d at 1057. Plaintiffs have already alleged a civil RICO claim against all Defendants, and their proposed amendments to that claim would add the supposedly fraudulent transfer to PPMS as an additional act of mail and wire fraud in Defendants' alleged pattern of racketeering activity. *See* Proposed 5AC ¶¶ 278-95. Although fraudulent transfer is not itself a qualifying predicate act under the RICO statute, *see* 18 U.S.C. § 1961(1), Plaintiffs persuasively argue (and allege) that use of the wires and mail to carry out the alleged fraudulent transfer may constitute wire fraud or mail fraud in violation of 18 U.S.C. §§ 1341 and 1343, which are qualifying predicate acts. Pl.'s Reply 6-7; *see, e.g.*, *Fid. Nat. Fin., Inc. v. Friedman*, No. CV 06-4271CASJWJX, 2009 WL 1160234, at *17 (C.D. Cal. Apr. 27, 2009). As such, Plaintiffs should be permitted leave to supplement their civil RICO allegations with an additional alleged act of wire and mail fraud.

To be sure, there is some prejudice to Defendants from permitting Plaintiffs to supplement the allegations now: counsel for individual defendants Goodman and Harrelson argued at the hearing that their clients had already filed motions for summary judgment, including for a judgment in Defendants' favor on the civil RICO claim. Moreover, all Defendants argued that they would suffer prejudice from the time pressure of having to conduct new discovery months before trial. Although prejudice to the defendants is a significant concern, all parties are represented by competent counsel, and the Court does not find that the burden of additional limited discovery in connection with Plaintiffs' amended RICO claim outweighs the significant

1  interest in a complete adjudication of that claim.[2]  Plaintiffs' motion for leave to amend is
2  accordingly GRANTED IN PART and DENIED IN PART.

### IV.  ORDER

Based on the foregoing, Plaintiffs' Motion for Leave to File Fifth Amended Complaint is GRANTED IN PART and DENIED IN PART.  Plaintiffs' motion is DENIED IN PART to the extent they seek to introduce four new claims for relief (and additional prayers for relief) against Defendants.  Plaintiffs' motion is GRANTED IN PART to the extent they seek to supplement the allegations with respect to their civil RICO claim and make other minor changes.[3]

Plaintiffs shall file a Fifth Amended Complaint that conforms to this Court's order **by no later than April 16, 2015**.  In conforming to this Court's order, Plaintiffs may only strike allegations—they are not to make any revisions to the allegations as they exist in the proposed 5AC.  Defendants shall file a responsive pleading **by no later than April 30, 2015**.

To the extent the parties require additional discovery on the amended allegations, each side shall submit a proposed discovery plan to the Court **by no later than April 20, 2015**.[4]  Any opposition shall be due **by no later than April 24, 2015** and shall not exceed 10 pages.  The proposed plans should allow for all requested depositions to take place within a three-week period commencing May 4, 2015.  No depositions may be taken without court approval of a discovery plan.  Written discovery may be propounded now, and all motions to compel must be filed with the referral magistrate judge **within seven (7) days** of the response date.

**IT IS SO ORDERED.**

Dated: April 13, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] The prejudice of additional discovery could be mitigated even further by continuing the trial date, but all parties expressed a desire to forge ahead with the August 3 trial date.

[3] Defendants did not appear to object to the revisions throughout the proposed 5AC that Plaintiffs characterized as "edits to conform to evidence discovered since Plaintiffs filed their Fourth Amended Complaint."  Pl.'s Mot. 3.

[4] The parties may, alternatively, stipulate to a discovery plan that satisfies the needs of all sides.