Marc H. Cohen, Esq. (State Bar No. 168773)
mcohen@kirkland.com
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Jeffrey L. Willian, Esq. (*pro hac vice*)
Donna M. Welch, Esq. (*pro hac vice*)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, CLARK PINNACLE MONTEREY BAY LLC, CLARK MONTEREY PRESIDIO LLC, CALIFORNIA MILITARY COMMUNITIES LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES LLC and CLARK IRWIN, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>PINNACLE MONTEREY LLC, PINNACLE IRWIN LLC, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., AMERICAN MANAGEMENT SERVICES LLC D/B/A PINNACLE, GOODMAN REAL ESTATE, INC., GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON and JOHN GOODMAN,<br><br>Defendants. | Case No. 5:14-CV-03953 BLF-HRL<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE IMPROPER ATTACKS AND LEGAL ARGUMENTS**<br><br>COURTROOM: 3, Fifth Floor<br><br>JUDGE: Hon. Beth L. Freeman |

1

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

In response to the claims and evidence that Pinnacle and its top officers engaged in fraud, Defendants have asserted a variety of responses including making improper claims about counsel, audit rights and the attorney client privilege. This motion seeks exclude such references and insinuations at trial and to exclude other erroneous legal arguments.

**A.     The Court Should Exclude All Attacks on Counsel and Auditors.**

As it has in the past, Pinnacle may argue that Plaintiffs' forensic audit of Pinnacle was unlawful, inappropriate, and unfair. (*See e.g.*, Docket No. 178, 4/15/15 Defs.' Resp. to Pls. Mot. for Summ. J. at 5 ("Clark initiated a forensic audit (under cover of a routine audit) to start building a case to terminate AMS[.]"); *id.* ("Building on the 'termination for cause' strategies used in Georgia, Clark hired the same forensic auditor, AlixPartners, to conduct the same 'audit' at Monterey and Fort Irwin.")  In the Georgia action, in October 2011, Pinnacle filed a Motion to Disqualify Plaintiffs' counsel on these same grounds. (*See* Ex. 1, 10/7/11 Defs.' Mot. to Disq.)  Defendants accused Plaintiffs and their advisors of misleading the Georgia court and Pinnacle about the purpose of the audit and role of AlixPartners. (*See id.* at 5, 7.)  Pinnacle also accused Plaintiffs' counsel of improperly directing the pre-lawsuit investigation and forensic audit and of using the audit to "evade" the goals of discovery and gain "tremendous advantage" in this litigation. (*See* Ex. 2, 10/5/11 Defs.' Slides in Supp. of Mot. to Dissolve 6/25/10 TRO.)  Pinnacle Irwin and Monterey have asserted claims with the same general theme that it was improper for Plaintiffs to hire counsel and auditors to investigate the Pinnacle the property manager. (*See* Docket No. 214 Defs.' Countercls. at ¶¶ 158-167.)

The Georgia court soundly rejected these arguments.  The Georgia court found, as should this Court, that "[u]nder the contract[s], the Plaintiffs have the right to audit accounts, and I'm going to construe [the right to] audit accounts broadly, that right is cumulative, and not affected by the filing of this lawsuit or by the termination due to default." (Ex. 3, 6/18/11 Hr'g Tr. 82:3–8; *see also* Ex. 4 and 5, Monterey and Irwin PMAs § 5.2 (giving the owner the right to audit Pinnacle).)  The Georgia court further rejected the attacks on and attempts to disqualify counsel, finding it "ridiculous to think

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

2

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

Pinnacle and its employees did not know AlixPartners were engaged to find fraud.". (Ex. 6, 12/22/2011 Ga. Order. at 4)

These potential arguments have no bearing on the claims and counterclaims in this case and would serve only to prejudice Plaintiffs and waste limited trial time. *See* Fed. R. Evid. 401, 403; *see also Hein v. Sullivan*, 601 F.3d 897, 913 (9th Cir. 2010) (finding that a prosecutor's disparaging remarks regarding defense counsel were prejudicial and improper). Moreover, such attacks on counsel are highly disfavored. For these reasons, Plaintiffs ask that the Court preclude Defendants from suggesting or arguing that Plaintiffs' counsel and auditors acted inappropriately, unethically or with improper motive in conducting the audits that ultimately revealed fraud and intentional misconduct by Pinnacle. Plaintiffs further request that the Court expressly bar Pinnacle from suggesting or arguing that the forensic audit exceeded the scope of Plaintiffs' contractual rights or gave Plaintiffs an unfair advantage in the litigation. *Leinweber v. Tilton*, 490 F. App'x 54, 56 (9th Cir. 2012) ("[T]he prosecutor's statements referencing defense counsel's dishonorable character, and the suggestion that defense counsel persuaded witnesses to change their testimony . . . were highly improper and deserve our condemnation and opprobrium."); *see also United States v. Andreas*, 23 F. Supp. 2d 855, 861 (N.D. Ill. 1998) *aff'd*, 216 F.3d 645 (7th Cir. 2000) ("Obviously, unsubstantiated and baseless attack on the integrity of defense counsel is improper."); *Day v. Clymo*, No. 6:13-CV-871-ORL-40, 2015 WL 3830346, at *2 (M.D. Fla. June 18, 2015).[1]

**B.   The Court Should Exclude Any Argument That if Wrongdoing Had Occurred There Would Be Criminal Charges.**

Whether charges have been or will be filed against Defendants or their employees for actions at Irwin and Monterey has no bearing on the relevant issues in this case. It is axiomatic that criminal charges and civil complaints are governed by different statutes, trial procedures and subject to different burdens of proof. Allowing Defendants to raise the lack of criminal charges in this case has

---

[1] Plaintiffs do have information suggesting that Pinnacle counsel and their expert persuaded at least one witness, Josh Merrill to change his prior sworn testimony and submit false testimony. In a revised declaration, Mr. Merrill claims he did not falsify work orders in 2007. But in 2012, Defendants' own expert conducted a forensic examine of Mr. Merrill's work order changes and concluded that many such alterations were improper. (Ex. 7, 6/18/15 J. George Dep. Tr. 424:5-431:15.) Plaintiffs would like to discuss with the Court the ground rules for addressing this issue.

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

3

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

the potential to confuse the jury on the law, including the necessary burden of proof. *Duttle v. Bandler & Kass*, No. 82 CIV. 5084 (KMW), 1990 WL 113187, at *4 (S.D.N.Y. July 30, 1990) ("Evidence of a failure to indict . . . should not be offered for the purpose of rebutting any inference of defendants' wrongdoing. Such evidence constitutes impermissible hearsay and is more prejudicial than probative.") (internal citations omitted); *Goffstein v. State Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985) ("As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges."); *Abney v. Badger Mutual Ins. Co.*, No. 12 C 4467, 2014 WL 85986, at *3 (N.D. Ill. Jan. 9, 2014) (recognizing that "at least five circuits" have concluded that evidence of non-prosecution is improper because "this evidence is highly prejudicial[.]").

### C. The Court Should Prohibit Any Reference To The Fact That A Violation Of RICO Results In Treble Damages And Attorney's Fees.

It is black-letter law that it is the role of the Court to treble any RICO damages and assess and award attorney's fees. *Bingham v. Zolt*, 66 F.3d 553, 565 (2d Cir. 1995) ("It is the trial court, not the jury, that has the responsibility of determining attorney's fees awards pursuant to [the RICO.]"); *Jones v. Hollenback*, No. CVF-05-148 OWW/DLB, 2008 WL 766887, at *34 (E.D. Cal. Mar. 20, 2008) ("Plaintiff argues that Defendant's motion for attorney's fees is "defective" because the fee claim was not tried to the jury during trial. Plaintiff's contention is without merit."); *Liquid Air Corp. v. Rogers*, 834 F.2d 1297, 1308, n.7 (7th Cir. 1987) (holding RICO's trebling provision is "irrelevant to a jury's deliberations and may confuse or prejudice the jury"). As such, any reference to such trebling or award of attorney fees would be improper and should be excluded. *Id.*; *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991) (improper to inform jury of statutory attorney's fees).

### D. The Court Should Exclude Any References to Privileged Communications To Prevent Inferences From Invoking Attorney-Client Privilege.

"The Supreme Court has instructed that '[b]oth for corporations and individuals, the attorney-client privilege serves the function of promoting full and frank communications between attorneys and their clients. It thereby encourages observance of the law and aids in the administration of justice.'" *United States v. United Technologies Corp.*, No. 3:99-CV-093, 2005 WL

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

4

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

1   6199561, at *3 (S.D. Ohio Feb. 2, 2005) (quoting *Commodity Futures Trading Com'n v. Weintraub,*
2   471 U.S. 343, 348 (1985)).  Federal courts do not allow inferences to be drawn from invocation of
3   the attorney-client privilege and the Court should similarly instruct the jury here.  *Nabisco, Inc. v.*
4   *PF Brands, Inc.,* 191 F.3d 208, 226 (2d Cir.1999) ("If refusal to produce an attorney's opinion letter
5   based on claim of the privilege supported an adverse inference, persons would be discouraged from
6   seeking opinions, or lawyers would be discouraged from giving honest opinions. Such a penalty for
7   invocation of the privilege would have seriously harmful consequences."); *In re Tudor Associates,*
8   *Ltd., II,* 20 F.3d 115, 120 (4th Cir. 1994) ("A negative inference should not be drawn from the
9   proper invocation of the attorney-client privilege.").

10  In this case, Defendants have repeatedly sought to draw an adverse inference from
11  communications between Plaintiffs and counsel which properly were included on Plaintiffs'
12  privilege log.  (*E.g.* Ex. 8, J. Robertson Dep. Tr. 176:20-177:1 ("Q.  And did you know that the day
13  after this, on May 14th, Mr. Caputo wrote a letter to his lawyers at Kirkland & Ellis about the
14  Pinnacle master insurance program? [Objection] A. No, I haven't seen that communication."); Ex. 9,
15  3/3/15 A. Caputo Dep. Tr. 196:16-12 ("Q. With respect to the communication on the privilege log to
16  Kirkland & Ellis that's dated April 14th, 2009, which project did the communication relate to? … A.
17  … I can tell you that, under the column entitled 'Description' for row 231, it says: 'Communication
18  seeking/giving legal advice regarding Benning.'").  Such inferences put Plaintiffs in an impossible
19  position, as Plaintiffs cannot rebut such an improper inference without destroying the privilege, and
20  thus Courts refuse to allow any such inferences to be drawn.  *See In re Tudor Associates, Ltd., II,* 20
21  F.3d at 120.  What's more, this is just another improper attack on counsel, who oversaw the
22  uncovering of the many frauds perpetrated by Pinnacle and its employees at Benning, Belvoir,
23  Monterey and Irwin, and thus should be excluded.  *See e.g.*, *Hein v. Sullivan*, 601 F.3d at 913.

24  **CONCLUSION**

25  For the foregoing reasons, Plaintiffs respectfully request the Court exclude all attacks on
26  Plaintiffs' counsel, Plaintiffs' auditors, arguments concerning any lack of criminal charges,
27  arguments about RICO trebling and attorney fees and references to privilege matters made with the
28  purpose of drawing an adverse inference.

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

5

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

1
2  DATED:  June 25, 2015              Respectfully submitted,
3
4
5                                     */s/ Marc H. Cohen*
                                      Marc H. Cohen, Esq. (State Bar No. 168773)
6                                     mcohen@kirkland.com
                                      Kirkland & Ellis LLP
7                                     3330 Hillview Avenue
                                      Palo Alto, CA 94304
8                                     Telephone: (650) 859-7000
                                      Facsimile: (650) 859-7500
9
10                                    Jeffrey L. Willian, Esq. (*pro hac vice*)
                                      Donna M. Welch, Esq. (*pro hac vice*)
11                                    Kirkland & Ellis LLP
                                      300 N. LaSalle
12                                    Chicago, IL 60654
                                      Telephone: (312) 862-2425
13                                    Facsimile: (312) 862-2200
14                                    Attorneys for Plaintiffs
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2015 that a copy of the foregoing document is being electronically filed with the Clerk of the United States District Court of the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

DATED: June 25, 2015                          KIRKLAND & ELLIS LLP

*/s/ Marc H. Cohen*
Marc H. Cohen, Esq. (State Bar No. 168773)
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA 94303
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Jeffrey L. Willian, P.C. (*pro hac vice*)
Donna M. Welch, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls. Mot. *in Limine* to Exclude
Improper Attacks and Legal Arguments
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL