| | |
|---|---|
| WILLIAM J. GOINES (SBN: 61290)<br>goinesw@gtlaw.com<br>CINDY HAMILTON (SBN: 217951)<br>hamiltonc@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>1900 University Avenue, Fifth Floor<br>East Palo Alto, CA 94303<br>Telephone: (650) 328-8500<br>Facsimile: (650) 328-8508<br><br>THOMAS E. DUTTON (*admitted pro hac vice*)<br>duttont@gtlaw.com<br>DANIEL G. HILDEBRAND (*admitted pro hac vice*)<br>hildebrandd@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, IL 60601<br>Telephone: (312) 456-8400<br>Facsimile: (312) 456-8435<br><br>Attorneys for Pinnacle Monterey LLC, Pinnacle Irwin LLC, American Management Services California Inc., American Management Services LLC d/b/a Pinnacle, and Stanley Harrelson | DOUGLAS R. YOUNG (SBN: 073248)<br>dyoung@fbm.com<br>KAREN P. KIMMEY (SBN: 173284)<br>kkimmey@fbm.com<br>FARELLA BRAUN + MARTEL LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 954-4400<br>Facsimile: (415) 954-4480<br><br>Attorneys for Defendants John Goodman and Goodman Real Estate, Inc. |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, CLARK PINNACLE MONTEREY BAY, LLC, CLARK MONTEREY PRESIDIO, LLC, CALIFORNIA MILITARY COMMUNITIES, LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES, LLC and CLARK IRWIN, LLC,<br><br>      Plaintiffs;<br><br>v.<br><br>PINNACLE MONTEREY LLC, PINNACLE IRWIN, LLC, AMERICAN MANAGEMENT SERVICES CALIFORNIA, INC., AMERICAN MANAGEMENT SERVICES LLC, GOODMAN REAL ESTATE, INC., GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON and JOHN GOODMAN,<br><br>      Defendants | Case No. 5:14-CV-03953-BLF-HRL<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCES TO OTHER CIVIL AND CRIMINAL LEGAL PROCEEDINGS**<br><br>Pretrial Conf.: July 9, 2015<br>Trial:           August 3, 2015<br><br>Judge:  Honorable Beth Labson Freeman<br>Dept.:  Courtroom 3, 5th Floor |

| | |
|---|---|
| PINNACLE IRWIN, LLC and PINNACLE MONTEREY, LLC, | |
| Plaintiffs, | |
| v. | |
| CLARK REALTY CAPITAL, LLC, CLARK PINNACLE MONTEREY BAY LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES, LLC, and DOES 1-25, INCLUSIVE, | |
| Defendants. | |
| AMERICAN MANAGEMENT SERVICES CALIFORNIA INC. AND AMERICAN MANAGEMENT SERVICES LLC (D/B/A PINNACLE), | |
| Counterclaimants, | |
| v. | |
| MONTEREY BAY MILITARY HOUSING LLC AND CALIFORNIA MILITARY COMMUNITIES LLC | |
| Counterdefendants. | |

As this Court is aware, the parties' eastern affiliates are engaged in a related action styled *Fort Benning Family Communities LLC and Fort Belvoir Residential Communities LLC v. American Management Services East LLC and American Management Services LLC*, No. SU10CV2025-F (Muscogee County Georgia). That case is currently pending on appeal. In May 2015, Plaintiffs also filed a parallel fraudulent transfer action (which includes several of the same plaintiffs and defendants as the instant action) styled *Fort Benning Family Communities LLC, Fort Belvoir Residential Communities LLC, Monterey Bay Military Housing LLC and California Military Communities LLC v. American Management Services East LLC, American Management Services LLC and American Management Services California, Inc., et al.*, No. 15A 05259-5 (Gwinnett County Georgia).

There is also an ongoing criminal investigation in the Eastern District of Virginia related to this matter. AMS's former maintenance director at Fort Belvoir, Eddie Hudspeth, was fired in 2010 after he admitted to taking cash and checks from a vendor at the project. He was then investigated by the U.S. Attorney for the Eastern District of Virginia. In March 2015 he pled guilty to a single count of soliciting and accepting kickbacks. He was sentenced to a 24 month prison term in May 2015. One of the vendors at Fort Belvoir, Phil Robrahn, pled guilty to similar charges related to the same facts. Recently, the U.S. Attorney for the Eastern District of Virginia has also served grand jury subpoenas on several present and former Pinnacle employees, including Dale Andrews, AMS's former investment manager at Fort Belvoir; Ron Calloway, a former maintenance director at Monterey; Rick Wimer, the former community director at Irwin; Wes Campbell, the current maintenance director at Irwin; Jerry Vinson, a current maintenance supervisor at Irwin; and Midi Lopez, the current scheduler at Irwin.

Defendants move in limine to preclude Plaintiffs from making reference to the foregoing civil actions and criminal proceedings at trial in this matter. In particular, Defendants move to exclude any reference to rulings against Defendants in the Muscogee County Georgia action, including but not limited to discovery sanctions and granting of summary judgment on certain claims by defendants. Defendants move to exclude any reference to the Gwinnett County action, which is duplicative of Plaintiffs' RICO fraudulent transfer alleged predicate acts in the instant action. Defendants also seek to exclude Plaintiffs from any mention at trial whatsoever of criminal investigations or proceedings related to any of

1

defendants, their affiliates, or present and former employees. All these proceedings are both irrelevant, and highly prejudicial, to defendants' ability to defend the issues in the present civil action in California.

Based on Plaintiffs' motion for summary judgment, Plaintiffs will seek to introduce evidence at trial of legal findings or rulings made by the Georgia court, including the 3/20/14 Ga. Summ. J. Order. [Doc 151] at 1, 7-8. Another court's legal findings - based on completely different facts, parties and employees - are not however probative of the allegations in this case. This type of evidence is irrelevant and carries with it a high risk of prejudice. *See Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 952 (E.D. Cal. 2013) (excluding evidence about other litigation involving same drug therapy because it would be irrelevant and confusing under rules 401, 402, and 403); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (granting motion in limine, ruling "reference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice."). Under similar circumstances, the Court in *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.* granted a motion in limine to exclude evidence of liability findings from another case between the parties, recognizing that "the prejudicial effect of the evidence would seem to outweigh its probative value, as it would be hard to get into Judge Ingram's finding without a discussion of the outcome of the case." No. C 92-20643 RMW, 1995 WL 261407, at *7 (N.D. Cal. Apr. 25, 1995). The Georgia action, which is pending on appeal, is a different case, about different parties, involving a different set of facts. The legal findings and rulings made in that case have no bearing on the issues in this case. Accordingly, the prejudicial effect of allowing Plaintiffs to present evidence or argument related to the Georgia action substantially outweighs the evidence's probative value. *See* Fed. R. Evid. 403. Moreover, because of the overlap of allegations between that matter and the case at bar, referencing rulings or findings from Georgia would inevitably lead to jury confusion or carry undue weight in the minds of the jurors. *Id*.

The prejudice and risk of jury confusion is equally great by allowing evidence or references at trial about the parallel fraudulent transfer action pending in Gwinnett County, Georgia. That action includes the two California Plaintiffs, the Georgia Plaintiffs, certain California and Georgia defendants, as well as the "indispensible parties" that Plaintiffs failed to add in seeking leave to file their Fifth Amended Complaint here. [Doc 172]. The existence of this action has no bearing on this case, and a

jury could easily be misled by hearing about a parallel case premised on the same conduct at issue in this litigation (indeed, including several of the same parties). *See* Fed. R. Evid. 402, 404. Furthermore, this Court already rejected Plaintiffs' attempt to bring their fraudulent transfer case in this forum. [Doc 172]. Plaintiffs should not be allowed to effectively litigate that claim here by referencing a parallel complaint that has not yet been answered, subject to motions to dismiss or resulted in any discovery.

Under Rules 402 and 403, Plaintiffs should be barred from referencing any of the pending criminal proceedings at trial because they are irrelevant and highly prejudicial. Criminal proceedings that involve different projects and different employees have no bearing on the claims at issue in this litigation and cannot possibly be relevant.[1] *Zavala v. Chrones*, No. 1:09-CV-01352-BAM PC, 2013 WL 486280, at *6 (E.D. Cal. Feb. 6, 2013) (granting motion to exclude letters Plaintiffs wrote to the Grand Jury seeking the filing of criminal charges, reasoning "evidence demonstrating that Plaintiff contacted the Grand Jury about a criminal action and that the Grand Jury responded is irrelevant to whether Defendants were deliberately indifferent."); *Elseth ex rel. Elseth v. Elorduy,* No. 2:08-CV-02890-GEB, 2011 WL 3794901, at *3 (E.D. Cal. Aug. 25, 2011) (excluding report prepared by grand jury as irrelevant); *J.W. v. City of Oxnard,* No. CV 07-06191 CAS(SHX), 2008 WL 4810298, at *2 (C.D. Cal. Oct. 27, 2008) (finding "evidence regarding the fact that the criminal investigation took place, the procedures used, and the opinions of those involved is not relevant and may cause unfair prejudice" for the purposes of determining liability). Moreover, with regard to the pending grand jury investigation in California, there has been no indictment or charges made against any of the present or former AMS employees. Referencing or presenting evidence of a criminal investigation that is based upon nothing more than unsubstantiated allegations would be highly prejudicial to Defendants. *See* Fed. R. Evid. 403; *Barnett v. Gamboa*, No. 1:05-CV-01022-BAM PC, 2013 WL 174077, at *2 (E.D. Cal. Jan. 16, 2013) (granting motion in limine to exclude references to the criminal case against defendant because "there is no indication that evidence of the pending charges against Defendant Duran would serve any purpose other than impermissibly attacking his character and would be unely [sic] prejudicial."); *see also Schmidt v. Klinman*, No. 05 C 2134, 2005 WL 6939158, at *6 (N.D. Ill. Dec. 2, 2005) (excluding evidence of

---

[1] The plea agreements and related criminal indictments and court filings related to Mr. Hudspeth and Mr. Robrahn would also be inadmissible hearsay. Fed. R. Evid. 801, 802.

3

DEFENDANTS' MOTION *IN LIMINE* NO. 1     CASE NO. 5:14-CV-03953-BLF-HRL

ongoing criminal investigation because "[t]he probative value of an ongoing criminal investigation is substantially outweighed by danger of unfair prejudice, confusion of the issues and jury confusion.").

The same principles also warrant precluding Plaintiffs from referencing Eddie Hudspeth's March 2015 plea agreement and subsequent prison term. Mr. Hudspeth is a former maintenance director at Fort Belvoir and did not work for the Monterey or Irwin projects. His criminal proceedings are both irrelevant and highly prejudicial to Defendants' ability to address the issues relevant to the Monterey and Irwin projects. This Court has, under similar circumstances, excluded plea agreements because their probative value is substantially outweighed by the risk of prejudice. *See Ligon v. Lafuaci*, No. 13-CV-02875-RMW, 2015 WL 363723, at *1 (N.D. Cal. Jan. 22, 2015) (granting motion in limine to exclude plea agreement pursuant to Rule 403).

Plaintiffs should not be permitted to use legal findings or rulings from other courts to establish liability in this action, or to assassinate defendants' character. Plaintiffs should likewise be precluded from referencing or introducing evidence related to the criminal proceedings discussed above. Such evidence is irrelevant under Rule 402; it is also unfairly prejudicial and risks confusing the jurors under Rule 403. The plea agreements and related indictments and criminal filings related to Mr. Hudspeth and Mr. Robrahn also constitute inadmissible hearsay under Rules 801 and 802.

DATED: June 25, 2015                    GREENBERG TRAURIG, LLP


By /s/ *William J. Goines*
    William J. Goines
    Thomas E. Dutton
    Daniel G. Hildebrand
    Cindy Hamilton

Attorneys for Pinnacle Monterey LLC, Pinnacle Irwin LLC, American Management Services California Inc., American Management Services LLC d/b/a Pinnacle, and Stanley Harrelson

| | |
|---|---|
| DATED: June 25, 2015 | FARELLA BRAUN & MARTEL LLP |
| | By /s/ *Karen P. Kimmey* |
| |     Douglas R. Young |
| |     Karen P. Kimmey |
| | Attorneys for Defendants John Goodman and Goodman Real Estate, Inc. |

## ATTESTATION CLAUSE

I, William J. Goines, am the ECF User whose ID and password are being used to file this DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCES TO OTHER CIVIL AND CRIMINAL LEGAL PROCEDINGS.  In compliance with Civil L.R. 5-1(i), I hereby attest that Karen P. Kimmey, attorney at Farella Braun & Martel LLP, concurred in this filing.

DATED: June 25, 2015　　　　　　　　　　GREENBERG TAURIG, LLP

　　　　　　　　　　　　　　　　　　　By: */s/ William J. Goines*
　　　　　　　　　　　　　　　　　　　　　William J. Goines