*E-Filed: July 2, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PINNACLE MONTEREY LLC, et al., <br><br> Defendants. | Case No. 14-cv-03953-BLF (HRL) <br><br> **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #8** <br><br> Re: Dkt. No. 219 |

      Plaintiffs sue Defendants for fraud relating to Defendants' management of military housing at the Presidio of Monterey and Fort Irwin. Defendants American Management Services LLC ("AMS") and American Management Services California Inc. ("AMSC") (formerly dba "Pinnacle") serve as Plaintiffs' property managers under two Property Management Agreements ("PMAs") at Fort Irwin and the Presidio of Monterey. According to Plaintiffs, the PMAs, as well as the Clark Pinnacle Operating Agreements at the projects, prohibit any transfer of property management duties to a different manager without Plaintiffs' consent. Plaintiffs assert that "[i]n late 2014, Plaintiffs learned that the Pinnacle Defendants had transferred substantially all of the assets of AMS and AMSC to a new company, Pinnacle Property Management Services ('PPMS'), owned 79% by Hunt, and were no longer a 'going concern.' . . . The transfer left AMS and AMSC as mere shell companies with no CEO, no CFO, no Controller, no formal corporate governance structure, and no property, equipment or back office functions." DDJR #8, at 2. Defendants contest this.

After discovering this alleged fraudulent transfer of assets, Plaintiffs filed a motion for leave to file a fifth amended complaint, seeking to introduce additional claims and allegations based on Defendants' alleged fraudulent transfer of assets. Specifically, Plaintiffs sought to add four new claims against AMS, AMSC, Goodman, and Harrelson based on this allegedly fraudulent transfer. Plaintiffs also sought to supplement their existing claim against Defendants for violation of the RICO statute, 8 U.S.C. §§ 1961 *et seq*., by adding the alleged fraudulent transfer as an additional predicate act of wire and/or mail fraud. In an order dated April 13, 2015, Judge Beth Labson Freeman denied Plaintiffs' motion to the extent they sought to introduce four new claims for relief against Defendants. Judge Freeman granted the motion to the extent Plaintiffs sought to supplement the allegations with respect to their RICO claim and to make other minor changes. The court found "that the relevant factors weigh in favor of permitting Plaintiffs to supplement their civil RICO claim. However, the proposed new claims based on the alleged fraudulent transfer are futile without the joinder of indispensable parties and adding such claims at this stage in the litigation would severely prejudice the existing defendants." Dkt. No. 172, at 3. The court also allowed the parties to take discovery "[t]o the extent the parties require additional discovery on the amended allegations," and directed the parties to submit a discovery plan. *Id.* at 6.

Plaintiffs filed their Fifth Amended Complaint on April 16, 2015, alleging the delegation of the property management services to PPMS terminated the PMAs and was evidence of the Pinnacle Defendants' attempts to conceal the transfer and their violation of the PMAs. *See* Dkt. No. 186 ¶¶ 7, 181-82 ("Moreover . . . the delegation of AMSC's agency duties without consent from [the owners] constitute further and independent grounds for termination of the PMAs."). Defendants argue that Plaintiffs' failure to remove these allegations related to the Hunt Transaction violated the April 13 Order because the allegations had no bearing on their RICO claim.

Plaintiffs proposed a discovery plan that included a 30(b)(6) deposition of PPMS, the entity that is allegedly performing services under the PMAs after the Hunt Transaction. Dkt. No. 202. The court denied Plaintiffs' request to take a 30(b)(6) deposition of PPMS. In addition, Plaintiffs sought to depose a corporate representative of AMS and AMSC, in part, on "what duties

2

AMSC has delegated to PPMS with respect to the Monterey and Irwin projects and on what terms." Dkt. No. 188, at 3.  The court allowed this 30(b)(6) deposition of AMS and AMSC to go forward, but limited it to one hour.  Dkt. No. 205.

Presently before the Court is Discovery Dispute Joint Report #8.  Dkt. No. 219.  Plaintiffs request that the court order the Pinnacle Defendants to produce all payments, invoices, or other documents related to the services provided by PPMS pursuant to the Services and Support Agreement between AMS and PPMS at the Monterey and Irwin Projects.  Defendants refuse to produce this discovery.  Defendants argue that Plaintiffs' request essentially attempts to reopen fact discovery on issues unrelated to their RICO claim (i.e., that AMS delegated property management duties after the Hunt Transaction without Owner consent in violation of the PMAs and other law), which the April 13 Order does not allow.

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Here, the April 13 Order only allowed Plaintiffs to add allegations that the Hunt Transaction was an additional predicate act in support of their RICO claim. When the court granted Plaintiffs leave to file their supplemental RICO allegations based upon the alleged fraudulent transfer, the court modified its scheduling order by allowing the parties to take limited discovery related to Plaintiffs' newly added RICO allegations.  Dkt. No. 172. *See Hardin v. Wal-Mart Stores, Inc.*, No. 08-CV-0617 AWI BAM, 2012 WL 2921226, at *2 (E.D. Cal. July 17, 2012) ("The decision to modify a scheduling order is within the broad discretion of the district court.").  The court did not reopen discovery, nor did it allow Plaintiffs to take more discovery on their other claims.

Plaintiffs argue that they require discovery into the actual services that AMSC transferred to PPMS in order to determine the scope of the delegation and whether it violated the PMAs and California statute or was intended to defraud Plaintiffs as part of the execution of the transaction.

3

In the April 13 Order, however, the court did not allow Plaintiffs to add an additional claim that the Hunt Transaction resulted in a breach of the PMAs. Dkt. No. 172. That claim cannot be properly considered as part of this litigation and any discovery related to it is irrelevant. The April 13 Order only allowed discovery on Plaintiffs' amended civil RICO allegations, i.e., whether Defendants engaged in a fraudulent transfer of assets as part of their purported racketeering activities. Dkt. No. 172. Discovery into potential other grounds that caused the PMAs to terminate is not probative of whether Defendants engaged in a fraudulent transfer. The court did not authorize Plaintiffs to engage in further discovery on their declaratory judgment claims for automatic termination.

In addition, Plaintiffs argue that the requests for written discovery are relevant because they demonstrate the Pinnacle Defendants' intent to conceal the transaction from Plaintiffs, supporting the allegation that the fraudulent transfer was completed in furtherance of the RICO conspiracy. However, what entities perform services at the projects and whether those services were delegated without Plaintiffs' consent is not relevant to whether AMS transferred assets for less than a fair value, or whether AMS intended to defraud Plaintiffs.

Accordingly, Plaintiffs' request that the court order the Pinnacle Defendants to produce all payments, invoices, or other documents related to the services provided by PPMS pursuant to the Services and Support Agreement between AMS and PPMS at the Monterey and Irwin Projects is denied.

**IT IS SO ORDERED.**

Dated: July 2, 2015

HOWARD R. LLOYD
United States Magistrate Judge