Marc H. Cohen, Esq. (State Bar No. 168773)
mcohen@kirkland.com
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Jeffrey L. Willian, Esq. (*pro hac vice*)
Donna M. Welch, Esq. (*pro hac vice*)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, CLARK PINNACLE MONTEREY BAY LLC, CLARK MONTEREY PRESIDIO LLC, CALIFORNIA MILITARY COMMUNITIES LLC, CLARK PINNACLE CALIFORNIA MILITARY COMMUNITIES LLC and CLARK IRWIN, LLC,<br><br>         Plaintiffs,<br>    vs.<br><br>PINNACLE MONTEREY LLC, PINNACLE IRWIN LLC, AMERICAN MANAGEMENT SERVICES CALIFORNIA INC., AMERICAN MANAGEMENT SERVICES LLC D/B/A PINNACLE, GOODMAN REAL ESTATE, INC., GOODMAN FINANCIAL SERVICES, INC., STANLEY HARRELSON and JOHN GOODMAN,<br><br>         Defendants. | Case No. 5:14-CV-03953 BLF-HRL<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*  No. 1**<br><br>PRETRIAL CONFERENCE: July 16 2015<br><br>COURTROOM: 3, Fifth Floor<br><br>JUDGE: Hon. Beth L. Freeman |

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

# INTRODUCTION

Defendants seek to exclude references to other "civil actions and criminal proceedings" including a summary judgment ruling from the related Georgia litigation and the related criminal guilty plea of AMS' maintenance director Eddie Hudspeth.[1] This motion ignores the claims at issue in this case, in which Plaintiffs have alleged that Defendants are associated with an enterprise that engaged in a pattern of racketeering at *all four army bases*. Docket No. 186, 4/16/15 Pls.' 5th Am. Compl. ¶¶ 46-51; 69-145; 264. Evidence of racketeering activity and predicate acts that took place at Fort Benning and Fort Belvoir thus establish necessary elements of Plaintiffs' RICO claims. *Id.* Furthermore, the fact that other civil and criminal courts have determined that AMS and its employees engaged in serious misconduct at Fort Belvoir and Fort Benning is necessary to Plaintiffs' defense against Defendants' counterclaims and general trial themes that Plaintiffs engaged in pretextual audits that were intended to manufacture evidence of fraud.

The Georgia court's summary judgment ruling is also admissible pursuant to Rule 404(b)(2) to show AMS' motive in transferring substantially all of its assets, and the Hudspeth Guilty Plea is admissible pursuant to Rule 803(22), which specifically permits the admission of guilty pleas offered to prove an element of a party's claim.

**1.   The Evidence is Relevant to Plaintiffs' RICO Claims.**

Evidence that AMS employees falsified work orders and solicited kickbacks at Fort Belvoir and Fort Benning is central to Plaintiffs' RICO allegations, which allege that Defendants committed related RICO predicate acts at all four bases. Docket No. 186, 4/16/15 Pls.' 5th Am. Compl. at ¶46-51; 69-145; 264; *see also Triffin v. 611 Mach. Sales, Inc.*, No. CIV. 91-7058, 1992 WL 229870, at *5n.4 (E.D. Pa. Sept. 8, 1992) ("So long as plaintiff has experienced injury from one predicate act, he has standing to claim RICO violations based on a larger pattern of such related acts."); *Cohen v. Wolgin*, No. CIV. 87-2007, 1995 WL 33095, at *11 (E.D. Pa. Jan. 24, 1995) ("In seeking to define the pattern of racketeering, a plaintiff may include whatever acts are parts of the same pattern, even

---

[1]   Plaintiffs do not intend to offer evidence of (i) the Gwinnett County, Georgia fraudulent transfer action, or (ii) the pending grand jury investigations. Plaintiffs do intend to rely on (i) court orders from the Muscogee County, Georgia action, and (ii) the guilty pleas of Eddie Hudspeth and Phil Robrahn.

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

though the plaintiff may only have been injured by one of those acts.")  The fact that this evidence takes the form of a court order or guilty plea does not change the analysis.  *United States v. Boulware*, 384 F.3d 794 (9th Cir. 2004) (admitting state court summary judgment order where it was necessary to prove an element of the Defendant's defense); *In re Homestore.com, Inc.,* No. CV01-11115 RSWL CWX, 2011 WL 291176 at *9 (C.D. Cal. Jan. 25, 2011) (admitting guilty plea where the "facts contained in this plea agreement are probative and relevant to the determination of the outcome" of the pending case.)   None of Defendants' authority is to the contrary, as they have failed to cite a *single case* involving RICO claims.

Any jury confusion can be remedied with a limiting instruction that this does not establish liability in this case, but rather establishes a pattern of related racketeering activity.  *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 608 F.3d 871, 892 (DC Cir. 2010) (Guilty plea was properly admitted where district court mitigated the potential for prejudice with a limiting instruction).  And this evidence is no more prejudicial than the other evidence establishing Defendants' pattern of related racketeering activity. *Marriner v. California Army Nat. Guard,* No. CV-F-00-5176 AWI LJO, 2006 WL 2402063, at *15 (E.D. Cal. Aug. 18, 2006) ("Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice.")

**2. The Evidence is Necessary to Defend Against Defendants' Claims**

The Georgia court's summary judgment order and the Hudspeth Guilty Plea are also necessary to defend against AMSC's Counterclaim Nos. 11-12 (for breach of the covenant of good faith and fair dealing) and the Pinnacle Members' claim No. 4 (for breach of fiduciary duty).  These claims rely on allegations, that Defendants have often played to the Courts, that Plaintiffs initiated pretextual audits and litigation at the Monterey and Irwin projects in a bid to oust AMSC as the property manager.  *See*, *e.g*. Docket No. 12, 9/9/14 Defs.' Answer and Counterclaims at ¶8 ("Clark Realty has engaged in a hostile campaign of audits and compliance investigations aimed at developing grounds to extinguish AMS' interests in the Monterey and Irwin housing projects through litigation"); *Id.* ¶160, 165 Ex. 1, 9/30/13 Defs.' Second Am. Compl. at ¶97.

Defendants' inflammatory accusations are baseless but they open the door to the evidence they seek to exclude.  In fact, Plaintiffs only commenced audits at the Monterey and Irwin projects

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

2

Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
CASE NO. 5:14-CV-03953 BLF-HRL

*after* discovering evidence of fraud at Fort Benning and Fort Belvoir.  The Georgia court summary judgment order (finding it undisputed that multiple Pinnacle employees engaged in intentional misconduct) and the Hudspeth Guilty Plea (admitting to taking illegal kickbacks from vendor) vindicate Plaintiffs' decision to initiate audits at Monterey and Irwin; Plaintiffs had a duty to investigate what was later proven to be a pattern of fraud. This evidence is thus relevant to show Plaintiffs' good-faith mindset in initiating the California audits and litigation, and should be admitted.  *Personnel Dept., Inc. v. Professional Staff Leasing Corp.*, 297 Fed. Appx. 773, 787 (10th Cir. 2008) (admitting a prior district court order granting summary judgment because it was "expressly introduced into evidence as bearing on the mindset of [Plaintiff]" in initiating litigation).

**3. The Georgia Summary Judgment Order Shows Defendants' Motive for Engaging in the Fraudulent Transfer, and is Admissible Under FRE 404(b)(2).**

As this Court is aware, Plaintiffs have also alleged that Defendants engaged in a fraudulent transfer, constituting a continuing RICO scheme, to hide assets during the midst of this and the Georgia litigation. Docket No. 186, 4/16/15 Pls.' 5th Am. Compl. at ¶¶ 166-182.  This transferred over 600 property management agreements (retaining only the two PMAs at issue in this case), and rendered AMS/AMSC shell companies incapable of satisfying a judgment.  The fraudulent transfer also involved the transfer of millions of dollars of cash and assets to Pinnacle insiders for no consideration.  *See* Ex. 2, 3/27/15 L. Dudney Rpt. at 67-71; Table 27.

The evidence shows that this transaction was motivated in large part by the Georgia Court's summary judgment ruling, which dismissed Defendants' claims for wrongful termination based on the "indisputable" evidence that AMS and its employees had engaged in intentional misconduct. Ex. 3, 3/20/14 Order.  Under black letter Georgia law, the Georgia court's ruling exposes AMS to tens of millions of dollars in civil liability, including liability as the losing party under the PMAs fee-shifting provision and for disgorgement of all fees received while managing Belvoir and Benning (over $19 million).  *See* Exs. 4 and 5, Benning and Belvoir PMAs at §24.2; *Jennette v. Nat'l Cmty. Dev. Servs., Inc.*, 239 Ga. App. 221, 224-25 (1999) ("breach of fiduciary duty negates the unfaithful agent's right to *any compensation*") (emphasis added);  O.C.G.A. § 10-6-31.

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

3

Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
CASE NO. 5:14-CV-03953 BLF-HRL

Prior to this order, Defendants had not been seriously pursuing the transaction with Hunt (the party that funded the transfer); REDACTED

REDACTED

That all changed on March 20, 2014, when the court issued its summary judgment order; one day later, on March 21, 2014, AMS' CFO John Carrosino sent a memo to John Goodman, Stan Harrelson and other senior AMS executives, explaining that "in light of the court action on Thursday March 20 2014" (the MSJ ruling), AMS faced "uncertainties with further legal actions in Georgia and possibly escalating actions in California by Clark." *See* Ex. 7, 3/21/14 J. Carrosino Memorandum. Defendants immediately began prioritizing the transfer of AMS' assets and, two weeks later, signed an agreement extending the due diligence period so the parties could move ahead with the deal. *See* Ex. 8, 4/4/14 M. Kuntz Email to J. Goodman. The final purchase agreement was then executed on May 20, 2014. *See* Ex. 9, 5/20/14 Purchase Agreement.

The Georgia court ruling is thus critical evidence to show Defendants' motive in transferring AMS' assets. Pursuant to FRE 404(b)(2), evidence of prior bad acts are expressly admissible when used for "proving motive," and Courts routinely admit other judgments and/or convictions where they show a Defendant's motivation in hiding assets. FRE 404(b); *Arvest Bank v. Byrd*, 548 Fed. Appx. 324, 327 (6th Cir. 2013); *Johnstone v. Wabick*, 220 F.Supp.2d 899, 902 (N.D. Ill. 2002) (Fraudulent transfer "motive may be inferred from the proffered evidence that Mr. Wabick was under investigation for and ultimately pleaded guilty in May and June 1999 to crimes punishable by fines and restitution."); *see also Ullman-Briggs, Inc. v. Salton/Maxim Housewares, Inc.*, No. 92 C 2394, 1996 WL 535083, at *7-*8 (N.D. Ill. Sept. 17, 1996) (Evidence of a prior civil judgment admitted in fraudulent transfer case after Defendant sold most of its assets to a new corporation).

**4.     The Hudspeth Guilty Plea is Admissible Under FRE 803(22).**

Defendants argue that the Hudspeth Guilty Plea is inadmissible hearsay, without ever once addressing FRE 803(22), which establishes the hearsay exception for criminal guilty pleas. This rule admits a criminal guilty plea in a subsequent civil case where "(A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea; (B) the conviction was for a crime punishable by death or by imprisonment for more than a year; and (C) the evidence is admitted to prove any fact

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

4                            Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
                                         CASE NO. 5:14-CV-03953 BLF-HRL

1  essential to the judgment." FRE 803(22). All of these requirements are met here. Hudspeth pled
2  guilty and was sentenced to two years in Federal prison. Ex. 10, 3/2/15 E. Hudspeth Guilty Plea;
3  Ex. 11, 5/26/15 E. Hudspeth Sentencing Memorandum. And Plaintiffs have specifically pled that
4  the predicate acts giving rise to Defendants' RICO liability include mail and wire fraud related to
5  Hudspeth's kickback scheme at Fort Belvoir. *See* 5AC at ¶¶47, 264(g). At all four bases, Pinnacle
6  and its employees intentionally inflated project expenses, including property management fees and
7  insurance charges, in order to enrich Pinnacle and its employees. The kickbacks at Fort Belvoir
8  were part of the same pattern of related racketeering activity that form the basis of MBMH and
9  CMC's claims that Pinnacle employees intentionally passed along inflated charges to the project
10 Owners. *See Cohen*, 1995 WL 33095, at *13 (ruling that predicate acts which did not cause injury to
11 that plaintiff are admissible and "related" where the acts have "similar purposes, results, participants,
12 victims, or methods of commission."); *Banks v. Wolk*, 918 F.2d 418, 422 (3d Cir. 1990) ("The test
13 for 'relatedness' is broad."); *see also Lu v. Lezell*, 45 F. Supp. 3d 86, 97 (D.D.C. 2014) ("The
14 relatedness requirement … is 'not a cumbersome one for a RICO plaintiff,' … These criteria … have
15 been generously construed.") Evidence of the inflated project charges at Fort Belvoir are thus
16 clearly admissible under FRE 803(22). *See U.S. ex rel. Miller v. Bill Harbert Intern. Const., Inc.*,
17 608 F.3d 871 (DC Cir. 2010).

18 Defendants misleadingly cite to *Ligon v. Lafuaci*, in which a criminal Defendant's no-contest
19 plea was excluded. No. 13-CV-02875-RMW, 2015 WL 363723, at *1 (N.D. Cal. Jan. 22, 2015)    First
20 of all, *Ligon* was a non-RICO case in which the case at issue was "wholly unrelated to the prior
21 conviction." *Id.* Here, Hudspeth's guilty plea establishes facts proving essential elements of
22 Plaintiffs RICO claim. And *Ligon* involved a "no contest plea." *Id.,* Fed, R. Evid. 803(22)
23 specifically differentiates between such pleas, and guilty pleas like Eddie Hudspeth's. *See* Fed. R.
24 Evid. 803(22)(A) (Admitting evidence of prior convictions where "the judgment was entered after a
25 trial or guilty plea, ***but not a nolo contendere plea***." (emphasis added).

26 **CONCLUSION**

27 For these reasons the Court should deny Defendants' Motion *in Limine* No. 1.

28

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

5    Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
CASE NO. 5:14-CV-03953 BLF-HRL

DATED: July 2, 2015              Respectfully submitted,

*/s/ Marc H. Cohen*
Marc H. Cohen, Esq. (State Bar No. 168773)
mcohen@kirkland.com
Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500


Jeffrey L. Willian, Esq. (*pro hac vice*)
Donna M. Welch, Esq. (*pro hac vice*)
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
Telephone: (312) 862-2425
Facsimile: (312) 862-2200

Attorneys for Plaintiffs

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 2, 2015, a copy of the foregoing document is being electronically filed with the Clerk of the United States District Court of the Northern District of California by using the CM/ECF system, which will send notice of such filing to all counsel of record.

DATED: July 2, 2015              KIRKLAND & ELLIS LLP

                                          Respectfully submitted,

                                          */s/ Marc H. Cohen*

Marc H. Cohen, Esq. (State Bar No. 168773)
KIRKLAND & ELLIS LLP
3330 Hillview Avenue
Palo Alto, CA  94303
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

Jeffrey L. Willian, P.C. (*pro hac vice*)
Donna M. Welch, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Kirkland & Ellis LLP
3330 Hillview Avenue
Palo Alto, CA 94304

Pls.' Resp. in Opp'n to Defs.' Mot. *in Limine* No. 1
Monterey Bay Military Housing v. Pinnacle Monterey
CASE NO. 5:14-CV-03953 BLF-HRL