UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PINNACLE MONTEREY LLC, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-03953-BLF<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND TO CONFORM THE PLEADINGS TO THE EVIDENCE**<br><br>[Re: ECF 251] |

Defendants in this action seek—weeks before trial—to "amend their operative pleadings in this case to conform to claims already known to Plaintiffs." Defs.' Mot., ECF 251. For the reasons stated herein, the motion is DENIED.

## I.    BACKGROUND

The lengthy factual and procedural history of this case is well known to the parties. This action began in state court in 2011 and was removed to federal court on September 2, 2014. Fact discovery is closed, and the Court heard oral argument on all of the parties' motions for summary judgment on May 14, 2015. Trial is presently set to begin on August 3, 2015, and all parties agree that the trial should go forward on that date.

Defendants on June 2, 2015 filed the instant motion—noticing the motion to be heard at the July 9 pretrial conference—seeking to amend the Second Amended Complaint by defendants Pinnacle Monterey, LLC and Pinnacle Irwin, LLC, which was originally filed on October 24, 2013 in state court. Pinnacle SAC, ECF 1-18. Specifically, Defendants seek to "amend" the Third and Fourth Claims, by Pinnacle Monterey and Pinnacle Irwin respectively, against Clark Realty Capital, LLC ("Clark Realty") for breach of fiduciary duty. The source of these alleged fiduciary duties is the Clark Pinnacle Monterey Bay LLC ("CPMB") and Clark Pinnacle

1  California Military Communities LLC ("CPCMC") operating agreements, under which Clark
2  Realty is the designated manager for the majority Clark members in both companies and Pinnacle
3  Monterey and Pinnacle Irwin are the designated managers for the minority Pinnacle members at
4  CPMB and CPCMC respectively.

To this brouhaha, Defendants seek to add a breach of fiduciary duty claim by defendant American Management Services LLC ("AMS") against Clark Realty. While couched as a minor amendment to add an existing party to an existing claim to "conform to claims already known to Plaintiffs," Defs.' Mot. 2, Defendants acknowledge that the proposed amendment would entail adding allegations "to confirm that the parties created Clark Pinnacle Family Communities LLC to carry out the business of their joint venture" and to assert a breach of duties owed in connection with that company. *Id.* at 4-5. In other words, the fiduciary duty that Clark Realty allegedly owes to AMS does not arise out of the CPMB and CPCMC operating agreements, but rather finds its genesis in an entirely different limited liability company formed at a different time and governed by a different operating agreement. Nevertheless, Defendants maintain that Plaintiffs have been aware of this nascent claim all along because "the existing Second Amended Complaint already pleads that Clark Realty was AMS's joint venture partner" and that the proposed amendment "simply conforms the counts to the existing allegations of the Second Amended Complaint and to the evidence in discovery." *Id.* at 2.

## II. LEGAL STANDARD

Although confusingly styled as a "Motion for Leave to Amend to Conform the Pleadings to the Evidence," which suggests invocation of Federal Rule of Civil Procedure 15(b), Defendants' motion is actually governed by the Rule 15(a) standard, as this case has not yet gone to trial. In the Ninth Circuit, Rule 15 is applied with "extreme liberality" with "all inferences in favor of granting the motion." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted); *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In spite of this liberal standard, "undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citing *Foman v. Davis*,

371 U.S. 178, 182 (1962)).  Undue delay alone generally does not justify denial of a motion for leave to amend but undue delay that causes prejudice to the opposing party favors denial.  *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999).  Indeed, the Ninth Circuit has often noted that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri*, 781 F.2d at 1398 (citing *M/V American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) and *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982)).

## III. DISCUSSION

Despite the liberality with which courts generally grant leave to amend the pleadings, significant undue delay by Defendants in seeking amendment and resulting prejudice to Plaintiffs weigh against leave to amend in this instance.

On the factor of undue delay, Defendants have for many years asserted the existence of a fiduciary relationship between Clark Realty and AMS in connection with Clark Pinnacle Family Communities LLC ("CPFC").  By their own admission, the fiduciary relationship was alleged in Pinnacle Monterey and Pinnacle Irwin's October 24, 2013 Second Amended Complaint.  Further, Defendants acknowledge that they have been making arguments based upon that alleged fiduciary relationship since October 2012, when Defendants sought and obtained an injunction against Plaintiffs' removal of American Management Services California, Inc. ("AMSC") from the Monterey and Irwin residential projects.  Defs.' Mot. 2-5.  Yet Defendants never asserted a *claim* based upon that supposed fiduciary relationship between AMS and Clark Realty.  While Defendants may contend that Plaintiffs have been aware of the factual basis for this new claim of fiduciary duty "for years," Plaintiffs are not obliged to speculate on what claims the opposing party *might* bring based upon the facts alleged.  *See* Defs.' Mot. 6; Defs' Reply 3, ECF 259.  It was Defendants' obligation to timely assert the claim.  Knowing of the basis for a claim and failing to bring that claim for over two years without explanation is the definition of undue delay. *Acri*, 781 F.2d at 1398.

Furthermore, the Court agrees with Plaintiffs that the prejudice to them from permitting this proposed amendment is significant.  Pls.' Opp. 4-8, ECF 256.  As the parties have

demonstrated through their copious summary judgment briefing, the existence and scope of a fiduciary duty under limited liability company operating agreements requires detailed contract interpretation augmented by the law of the state in which the company was formed. As Plaintiffs note, in order to prove or disprove the existence of a fiduciary duty owed by Clark Realty to AMS in connection with CPFC, there must have been meaningful discovery into its alleged formation in 2001, the existence of an operating agreement for CPFC, and the terms of such agreement. *Id.* at 5-6. Discovery is now closed and Plaintiffs assert that there has never been discovery into the CPFC allegations because they have always maintained that there are no claims pertaining to CPFC in this lawsuit. *Id.* at 5. It is not clear whether Defendants ever directly challenged that assertion. Instead, Defendants argue that Plaintiffs have been litigating these allegations for years and that the proposed new breach of fiduciary duty claim is so closely related to the existing claims by Pinnacle Monterey and Pinnacle Irwin that Plaintiffs are unlikely to face prejudice if amendment is permitted. Defs.' Reply 3. It should be easy to see, however, that AMS's proposed claim in connection with CPFC, a limited liability company whose existence is as yet unproven, is different in kind from Pinnacle Monterey's and Pinnacle Irwin's claims under the CPMB and CPCMC operating agreements because the claims arise out of different contracts.

Nor is the Court persuaded by Defendants' arguments that the proposed new claim can be easily incorporated into this lawsuit. Defendants filed the instant motion after the Court had already heard oral argument on the parties' summary judgment motions, wherein Plaintiffs sought judgment that Pinnacle Monterey's and Pinnacle Irwin's fiduciary duty claims are precluded by the terms of the CPMB and CPCMC operating agreements. *See* Pls.' Mot. 21-23, ECF 151. To contend that "[t]he relationship between the parties has been well documented and is well understood by the Court, and the Court can therefore take into account Defendants' proposed amendment in its consideration of the Summary Judgment motions" is therefore nonsensical because, as has already been explained, the claims are founded in different contracts. *See* Defs.' Mot. 6. Likewise, Defendants' contentions that the addition of the proposed new claim will not delay proceedings and can be addressed in pretrial motions are premised on the same faulty assertion that the proposed claim by AMS is "functionally identical" to the existing claims by

4

Pinnacle Monterey and Pinnacle Irwin.  Defs.' Reply 3.  While the facts underlying a breach may be similar, Defendants fail to account for the completely different evidence required to prove that a duty exists in the first place.  As this Court observed in its April 7, 2015 order denying Plaintiffs' request to dissolve the preliminary injunction against AMSC's removal, there does not appear to be documentary evidence of the formation of CPFC or of its operating agreement.  Prelim. Inj. Order at 1 n.1, 16-18, ECF 169.  Thus, as Plaintiffs rightly note, to even establish that CPFC existed, Defendants would have to put on additional evidence not required for Pinnacle Monterey and Pinnacle Irwin's claims, to say nothing of evidence of the terms of the CPFC operating agreement and the fiduciary duties owed thereunder.  Pls.' Opp. 5-6.  It should thus be self-evident that an amendment proposed after the close of fact discovery and summary judgment briefing to introduce a new claim that would require different evidence not previously discovered is highly prejudicial to Plaintiffs and would serve only to further expand this already unwieldy lawsuit.

In actuality, Defendants' proposed amendment seeks to introduce a new claim for breach of fiduciary duty by AMS that would require different evidence of a different fiduciary relationship than was previously claimed.  Defendants have known of the factual basis for this proposed claim since as early as October 2012, have alleged the existence of a fiduciary relationship since October 2013, but waited until June 2, 2015—after the close of fact discovery and argument on the parties' summary judgment motions—to actually bring a claim based on those allegations.  The Court finds that this delay is unexplained and undue, and that Plaintiffs would be unfairly prejudiced by the introduction of such a new claim at the eleventh hour.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Leave to Amend to Conform the Pleadings to the Evidence is DENIED.

**IT IS SO ORDERED.**

Dated: July 10, 2015

_____
BETH LABSON FREEMAN
United States District Judge