*E-Filed: July 17, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PINNACLE MONTEREY LLC, et al.,<br><br>　　　　Defendants. | Case No.  14-cv-03953-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #9**<br><br>Re: Dkt. No. 250 |

　　Plaintiffs sue Defendants for fraud relating to Defendants' management of military housing at the Presidio of Monterey and Fort Irwin. Defendants American Management Services LLC ("AMS") and American Management Services California Inc. ("AMSC") (formerly dba "Pinnacle") serve as Plaintiffs' property managers under two Property Management Agreements ("PMAs") at Fort Irwin and the Presidio of Monterey. According to Plaintiffs, the PMAs, as well as the Clark Pinnacle Operating Agreements at the projects, prohibit any transfer of property management duties to a different manager without Plaintiffs' consent. Plaintiffs assert that in 2014, Plaintiffs learned that the Pinnacle Defendants had transferred substantially all of the assets of AMS and AMSC to a new company, Pinnacle Property Management Services ("PPMS"). According to Plaintiffs, the transfer left AMS and AMSC as mere shell companies. Plaintiffs assert that AMS's COO, Larry Goodman, and Executive Vice President, Eric Schwabe, were two of four senior AMS executives allowed to "redeem" their membership interests in AMS (for no consideration to Defendant) and to obtain an approximately 21% combined equity stake in PPMS.

Plaintiffs assert that Larry Goodman and Schwabe each received significant "bonuses" paid by AMS, which depleted the proceeds of the sale, based on the amount of time and effort Larry Goodman and Schwabe contributed to the sale.

Plaintiffs initially sought discovery related to the 2014 asset sale and requested documents connected to Larry Goodman and Schwabe, in their Requests for Production (Set 14 and Set 15). Defendants objected to these Requests for Production. *See* 11/10/14 Def. Resp. to Pl. Requests for Production (Set 14) and 2/26/15 Def. Resp. to Pl. Requests for Production (Set 15).

After discovering this alleged fraudulent transfer of assets, Plaintiffs filed a motion for leave to file a fifth amended complaint, seeking to introduce additional claims and allegations based on Defendants' alleged fraudulent transfer of assets. Specifically, Plaintiffs sought to add four new claims against AMS, AMSC, John Goodman, and Harrelson based on this allegedly fraudulent transfer. Plaintiffs also sought to supplement their existing claim against Defendants for violation of the RICO statute, 8 U.S.C. §§ 1961 *et seq.*, by adding the alleged fraudulent transfer as an additional predicate act of wire and/or mail fraud. In an order dated April 13, 2015, Judge Beth Labson Freeman denied Plaintiffs' motion to the extent they sought to introduce four new claims for relief against Defendants. Judge Freeman granted the motion to the extent Plaintiffs sought to supplement the allegations with respect to their RICO claim and to make other minor changes. The court found "that the relevant factors weigh in favor of permitting Plaintiffs to supplement their civil RICO claim. However, the proposed new claims based on the alleged fraudulent transfer are futile without the joinder of indispensable parties and adding such claims at this stage in the litigation would severely prejudice the existing defendants." Dkt. No. 172, at 3. The court also allowed the parties to take discovery "[t]o the extent the parties require additional discovery on the amended allegations," and directed the parties to submit a discovery plan. *Id.* at 6.

Plaintiffs filed their Fifth Amended Complaint on April 16, 2015. In addition, Plaintiffs renewed their efforts to have Defendants comply with previously served Requests for Production (Set 14 and Set 15). Plaintiffs sought production of responsive documents which hit on mutually agreed search terms from custodians including the four AMS executives—Rick Graf, John

Carrosino, Larry Goodman, and Schwabe—who were involved in the sale of AMS's assets to PPMS. However, Defendants refused to produce documents from Larry Goodman and Schwabe, arguing that the requested discovery was irrelevant, duplicative, and unduly burdensome. *See* Dkt. No. 188-2.

Presently before the Court is Discovery Dispute Joint Report #9. Dkt. No. 250. Plaintiffs request that the court order Defendants to produce responsive documents from Larry Goodman and Schwabe. Plaintiffs argue that Larry Goodman and Schwabe have documents relating to their individual negotiations of their own bonuses and to the redemption of their equity interests in AMS. In addition, Plaintiffs argue that searching for the requested documents would not be unduly burdensome because Defendants have already agreed to the requested search terms and have already imaged Larry Goodman and Schwabe's computers, which gives Defendants access to any electronic folders related to the transaction as well as to the individuals' custodian emails. Defendants argue that the discovery Plaintiffs seek is irrelevant and unduly burdensome.

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Here, the April 13 Order only allowed Plaintiffs to add allegations that the allegedly fraudulent transfer of assets to PPMS was an additional predicate act in support of their RICO claim. When the court granted Plaintiffs leave to file their supplemental RICO allegations based upon the alleged fraudulent transfer, the court modified its scheduling order by allowing the parties to take limited discovery related to Plaintiffs' newly added RICO allegations. Dkt. No. 172. *See Hardin v. Wal-Mart Stores, Inc.*, No. 08-CV-0617 AWI BAM, 2012 WL 2921226, at *2 (E.D. Cal. July 17, 2012) ("The decision to modify a scheduling order is within the broad discretion of the district court."). The court did not reopen discovery.

The discovery sought by Plaintiffs is irrelevant. Larry Goodman and Schwabe are not

3

defendants in this action, and Plaintiffs have not alleged that they took part in the alleged RICO enterprise that engaged in the transaction. Dkt. No. 186 ¶ 179. There is no evidence that Larry Goodman and Schwabe played any significant role in the asset sale. The only evidence Plaintiffs point to of Larry Goodman and Schwabe's involvement in the transaction is that these executives participated in two meetings. *See* 3/11/15 Carrosino Depo. at 22-23.

Moreover, Plaintiffs already know the value of the bonuses and redemptions, which is the only information relevant to determining whether the sale was for a less than reasonably equivalent value. Plaintiffs have received substantial written discovery about the asset sale and deposed the key officers involved in the transaction. Dkt. No. 202. Plaintiffs know how much each executive received from the transaction and the interest each executive now holds in PPMS. *Id*. Plaintiffs recently deposed George Petrie, the person (along with John Goodman) responsible for approving the bonuses and membership interest for the executives. *See* 5/19/15 Petrie Depo. at 54-57. Petrie testified that the purpose of the bonus payments was to incentivize the executives to remain focused on running AMS's business during the sale process and work to achieve a higher sale price. *Id*. at 55-56. His testimony is corroborated by Goodman and Carrosino. Dkt. No. 202-3, at 45; Dkt. No. 202-4, at 61-62. Plaintiffs cannot articulate why further written discovery of Larry Goodman and Schwabe would lead to any probative evidence. Indeed, the court has already denied Plaintiffs' request to take their depositions. *See* Dkt. No. 205.

In addition, producing the requested discovery would be unduly burdensome. "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26.

Here, Defendants do not have access to the custodial files of Larry Goodman and Schwabe. Defendants imaged and archived the computers of the former AMS executive team. However, the email data for Larry Goodman and Schwabe was never processed and the data is not in an accessible format. To provide Plaintiffs with the discovery they seek, Defendants would incur the significant cost of processing the imaged computers of both Larry Goodman and Schwabe. *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *3 (N.D. Cal. Apr. 5, 2013) (recognizing that "the processing costs for electronically-stored information ('ESI') are

4

relatively high").

Accordingly, Plaintiffs' request that the court order Defendants to produce responsive documents from Larry Goodman and Schwabe is denied.

**IT IS SO ORDERED.**

Dated: July 17, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge