UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PINNACLE MONTEREY LLC, et al.,<br><br>        Defendants. | Case No.  14-cv-03953-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 364] |

    Before the Court is the Motion for Leave to File a Motion for Reconsideration filed by Plaintiffs in this action. Pls.' Mot., ECF 364. Plaintiffs seek leave to request reconsideration of two of the Court's rulings on summary judgment: (1) that Plaintiffs' claims against individual defendants Stanley Harrelson and John Goodman for breach of fiduciary duty (Fifth Claim), fraud (Seventh Claim), conspiracy to commit fraud (Eighth Claim), and deceit (Tenth Claim) are foreclosed by Section 7.6 to the Clark Pinnacle Monterey Bay LLC ("CPMB") and Clark Pinnacle California Military Communities LLC ("CPCMC") operating agreements; and (2) that Plaintiffs' motion for summary judgment on the breach of fiduciary duty claims by defendants Pinnacle Monterey LLC and Pinnacle Irwin LLC should be denied. *Id.*; Am. Order on Summ. J. ("SJ Order") at 34-35, 52-53, 56, ECF 397. On July 17, 2015, the Court partially granted Plaintiffs' motion for leave, finding that only the Section 7.6 issue warranted further consideration, and ordered opposition briefing from Defendants on that narrow subject.

    Having carefully considered the parties' briefing, the Court finds that reconsideration is appropriate in this instance.[1] The Court accordingly GRANTS reconsideration and VACATES

---

[1] Defendants are correct in noting that Plaintiffs had ample opportunity at the May 14, 2015 hearing on summary judgment to raise the arguments advanced in their reconsideration motion

1 the portions of the Court's Amended Order on Motions for Summary Judgment, ECF 397, at
2 52:28-53:26 at 56:8-16 and the Court's rulings associated with those portions of the order.  For the
3 reasons stated herein, Mr. Harrelson's and Mr. Goodman's respective motions for summary
4 judgment are DENIED with respect to Plaintiffs' Fifth, Seventh, Eighth, and Tenth Claims.

5       The narrow issue on reconsideration is whether California law allows Section 7.6 of the
6 CPMB and CPCMC operating agreements to be enforced so as to shield Mr. Harrelson and Mr.
7 Goodman from personal liability for Plaintiffs' claims for breach of fiduciary duty, fraud,
8 conspiracy, and deceit.  Section 7.6 states in pertinent part:

> No constituent member in or agent of a Member or Manager, nor any advisor, trustee, director, officer, employee, beneficiary, shareholder, participant, representative or agent of a Member or Manager, shall have any personal liability, directly or indirectly, under or in connection with this Operating Agreement or any agreement made or entered into under or pursuant to the provisions of this Operating Agreement.

13 Decl. of Yates M. French, ECF 151-1, Exh. 13 (CPMB Op. Ag.) ¶ 7.6; Exh. 14 (CPCMC Op. Ag.)
14 ¶ 7.6.  Plaintiffs contend that California Civil Code § 1668[2] renders this limitation on the personal
15 liability of CPMB's and CPCMC's directors unenforceable with respect to their Fifth, Seventh,
16 Eighth, and Tenth claims because application of the limitation would exempt Mr. Harrelson and
17 Mr. Goodman from responsibility for their own fraud and intentional misconduct.[3]  *See* Cal. Civ.
18 Code § 1668 ("All contracts which have for their object, directly or indirectly, to exempt anyone

---

and to address the purportedly new case that Goodman cited in his reply brief.  Defs.' Opp. 1-2, ECF 395.  The Court nevertheless has inherent power to modify its interlocutory orders before the entry of final judgment and here finds good cause to do so.  Fed. R. Civ. P. 54(b).

[2] As the Court previously noted, the CPMB operating agreement states that the agreement "will be construed in accordance with the laws of the State of Maryland."  CPMB Op. Ag. ¶ 7.4; SJ Order at 25 n.13.  Nonetheless, neither side disputes the application of California law in this instance, and the Court therefore assumes that California Civil Code § 1668 applies equally to both the CPMB and CPCMC operating agreements.

[3] Plaintiffs suggest, for the first time in their motion for reconsideration, that as a matter of contract interpretation the Section 7.6 limitation might not extend to conduct undertaken by Mr. Harrelson and Mr. Goodman in their capacity as agents for defendant American Management Services LLC.  *See* Pls.' Mot. 6; *compare* Pls.' Combined Opp. to Goodman and Harrelson at 24-25, ECF 175.  Such argument, which was available to Plaintiffs earlier in the litigation, will not be considered when raised for the first time in a motion for reconsideration.  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *D.H. ex rel. Harrington v. Poway Unified Sch. Dist.*, No. 09-CV-2621-L NLS, 2014 WL 129070, at *1 (S.D. Cal. Jan. 14, 2014).

1  from responsibility for his own fraud, or willful injury to the person or property of another, or

2  violation of law, whether willful or negligent, are against the policy of the law.").

3        Defendants, both in prior briefing and in opposition to reconsideration, cite to *Farnham v.*

4  *Superior Court (Sequoia Holdings, Inc.)*, 60 Cal. App. 4th 69 (1997), a defamation case wherein

5  the court found that a provision of an employment contract that insulated a corporation's directors

6  from litigation with its employees was not a *per se* violation of § 1668. *Id.* at 74-78; *see* Defs.'

7  Opp. 2-4, ECF 395.  Relying on *Tunkl v. Regents of University of California*, 60 Cal. 2d 92

8  (1963), the *Farnham* court found that the disputed provision did not violate public policy because

9  it represented "the result of a private, voluntary transaction in which [the employee] simply agreed

10  to look to [the corporation] to shoulder a risk that might otherwise have fallen on its officers,

11  directors and shareholders." *Farnham*, 60 Cal. App. 4th at 78; *see Tunkl*, 60 Cal. 2d at 101 ("no

12  public policy opposes private, voluntary transactions in which one party, for a consideration,

13  agrees to shoulder a risk which the law would otherwise have placed upon the other party").

14  Defendants submit that the same reasoning necessarily pertains to Section 7.6 of the CPMB and

15  CPCMC operating agreements, which resulted from arm's-length negotiations between

16  sophisticated private parties.

17        Plaintiffs attempt to suggest that *Farnham* is incorrect or rests on a misapplication of

18  California law, a notion that the Court rejects.  Pls.' Mot. 5-6.  On the other hand, Plaintiffs

19  correctly note that the *Farnham* court remanded the case to the trial court to give the plaintiff an

20  opportunity to demonstrate that the individual corporate officers he sued were acting in their

21  individual capacities at the time they allegedly defamed him. *Farnham*, 60 Cal. App. 4th at 77

22  n.6.  The *Farnham* court moreover indicated that "a corporation's insolvency could affect the

23  ultimate outcome." *Id.* at 78 n.8.  As such, subsequent courts applying *Farnham* have concluded

24  that it stands for the proposition that "while some limitations on liability may be acceptable,

25  California Civil Code § 1668 precludes a release that would prevent a plaintiff from recovering

26  from anyone or any entity for an intentional wrong." *Alpha Inv., LLC v. Zynga, Inc.*, No. C 11-

27  03500 JSW, 2012 WL 2135291, at *6 (N.D. Cal. June 12, 2012) (citing *McQuirk v. Donnelley*,

28  189 F.3d 793, 796-97 (9th Cir. 1999) (interpreting *Farnham* to "stand[] for the proposition that §

1668 invalidates the total release of future liability for intentional wrongs")). Moreover, as Defendants acknowledge, the *Farnham* court itself noted that it was concerned with an employment case involving a claim of defamation and "express[ed] no view about the validity of the 'sole remedy' provision if [the plaintiff's] claim alleged fraud or some other intentional tort." *Farnham*, 60 Cal. App. 4th at 78 n.7.

Thus, upon more careful consideration of Section 7.6 of the operating agreements as it pertains to the four claims at issue here, all of which sound in fraud and other intentional acts, the Court finds that defendants Harrelson and Goodman are not entitled to judgment as a matter of law exculpating them from liability for those claims. Even were the Court to apply the holding of *Farnham* and determine that Section 7.6 is not *per se* void, there remain disputed factual issues preventing the grant of summary adjudication on Plaintiffs' claims for breach of fiduciary duty, fraud, conspiracy to commit fraud, and deceit.

Among the many disputed factual issues in this case are: (1) whether defendant American Management Services LLC ("AMS") defrauded Plaintiffs through its administration of a Master Insurance Program ("MIP") and provision of property management services at the parties' military residential housing projects; (2) the extent to which Mr. Harrelson and Mr. Goodman, as directors of AMS, were aware of and controlled this fraudulent conduct; (3) the extent to which Mr. Harrelson and Mr. Goodman personally benefited from the alleged fraud, particularly in connection with the administration of the MIP; and (4) whether AMS is insolvent after a 2014 transaction with Hunt Companies, Inc. *See, e.g.*, SJ Order at 16, 55-57. These disputed issues concerning Mr. Harrelson's and Mr. Goodman's personal benefit from the alleged misconduct and AMS's insolvency are precisely of the type that the *Farnham* court suggested might preclude application of an otherwise valid limitation on the individual liability of corporate directors to third parties. *Farnham*, 60 Cal. App. 4th at 77-78, nn.6, 8. As such, the Court is persuaded that the applicability of Section 7.6 of the CPMB and CPCMC operating agreements to the fraud-based claims against Mr. Harrelson and Mr. Goodman is an issue that cannot be disposed of at summary

1 judgment.[4]  This is not to say California Civil Code § 1668 renders Section 7.6 of the operating
2 agreements wholly unenforceable, only that underlying factual disputes must be resolved before
3 the Court can determine whether Section 7.6 may be applied in this instance.
4     Based on the foregoing, Plaintiffs' motion for reconsideration is GRANTED and Mr.
5 Harrelson's and Mr. Goodman's motion for summary judgment is DENIED with respect to
6 Plaintiffs' Fifth, Seventh, Eighth, and Tenth Claims against them.
7     **IT IS SO ORDERED.**
8 Dated: August 3, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[4] In light of those same underlying factual disputes, the Court rejects Mr. Harrelson's and Mr. Goodman's alternative arguments that even if Section 7.6 does not preclude personal liability, Plaintiffs' Fifth, Seventh, Eighth, and Tenth claims against them fail as a matter of law.  *See* Defs.' Opp. 1; Harrelson Mot. 8-13, ECF 153-1; Goodman Mot. 9-16, ECF 147.